Affirmed and Memorandum Opinion filed April 2, 2009








Affirmed and Memorandum Opinion filed April 2, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00577-CR

____________

 

JONATHAN MOISES TORRES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 1124043

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Jonathan Moises Torres, appeals his conviction
for aggravated robbery for which he was sentenced to 75 years in prison.  On
appeal, appellant contends: (1) the evidence is factually insufficient to
sustain his conviction; and (2) he received ineffective assistance of counsel. 
We affirm.

BACKGROUND








In the late evening of July 6, 2007, Tonya Chopp was in her
garage taking out the trash when she heard suspicious noises in her front
yard.  She opened the garage door and observed three men in her driveway taking
items from her vehicles; a fourth man was sitting in a parked car near her
house.  As Chopp opened the garage door, one suspect wearing a transparent
stocking mask leaned across her station wagon, pointed a gun at her, and said
something to the effect, AYou don=t want to do that.@  Chopp
immediately closed the garage door, went inside her house, and called 911.  As
Chopp was talking with the 911 operator, she looked out her window and observed
the four men flee in a Chevrolet Impala.  Houston police were dispatched and
arrived at Chopp=s house shortly thereafter. 

Officer Ledesma of the Houston Police Department was the
first officer to respond to Chopp=s call and learned
that the suspects took four television screens and one radio from the
vehicles.  Chopp recalled the events to Officer Ledesma and provided a
description of the suspects: four Hispanic males between the ages of 18-25
years old.  She also described the vehicle in which they fled as a silver
four-door Chevrolet Impala. Officer Ledesma then broadcast this information on
his radio, describing the suspects and their vehicle.  About ten minutes later,
Officer Brian Shepherd of the Houston Police Department observed four men,
driving in a Chevrolet Impala, matching the description of the suspects in
Officer Ledesma=s broadcast.  Officer Shepherd initiated a
traffic stop, and other officers quickly arrived to assist Officer Shepherd. 
Officer Ledesma searched the Chevrolet Impala in which the suspects were
driving and recovered two guns from the trunk of the vehicle.  Chopp also
arrived and identified each of the four suspects as the assailants she observed
in her driveway.  She further identified appellant as the individual that
threatened her with a gun. 








One of the suspects, Margarito Lopez, provided information
that led officers to the location of Chopp=s stolen property,
which was recovered in a vehicle parked a few miles away.  The officers were
able to recover three of the four television screens and the radio taken from
Chopp=s vehicles.  All
four men were arrested, and appellant was charged by indictment for aggravated
assault.  After a jury trial, appellant was found guilty of aggravated assault
and sentenced to 75 years in prison.  On appeal, appellant contends: (1) the
identification evidence is factually insufficient to sustain his conviction;
and (2) he received ineffective assistance of counsel.  

FACTUAL SUFFICIENCY

In appellant=s first issue, he
contends that the evidence is factually insufficient to show that he was the
gunman during the robbery.[1] 
In a factual sufficiency review, we review all the evidence in a neutral light,
favoring neither party.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006).  We then ask (1) whether the evidence supporting the
conviction, although legally sufficient, is nevertheless so weak that the jury=s verdict seems
clearly wrong and manifestly unjust, or (2) whether, considering the
conflicting evidence, the jury=s verdict is against the great weight and
preponderance of the evidence.  Id. at 414B17; Marshall v.
State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).  It is not enough that
we declare that a conflict in the evidence justifies a new trial simply because
we disagree with the jury=s resolution of that conflict.  Watson,
204 S.W.3d at 417.  If an appellate court determines that the evidence is
factually insufficient, it must explain in exactly what way it perceives the
conflicting evidence greatly to preponderate against conviction.  Id. at
414B17; Rivera-Reyes
v. State, 252 S.W.3d 781, 784 (Tex. App.CHouston [14th
Dist.] 2008, no pet.).  The reviewing court=s evaluation
should not intrude upon the fact-finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony.  Johnson
v. State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000).  








A person commits the offense of robbery if, in the course
of committing theft and with intent to obtain and maintain control of property,
he A(1) intentionally,
knowingly, or recklessly causes bodily injury to another; or (2) intentionally
or knowingly threatens or places another in fear of imminent bodily injury or
death.@  Tex. Penal Code ' 29.02.  The
offense becomes aggravated robbery if the person committing the robbery causes
serious bodily injury to another or uses or exhibits a deadly weapon.  Id. ' 29.03(a)(1),
(2).  A deadly weapon is considered Aanything that in
the manner of its use or intended use is capable of causing death or serious
bodily injury.@  Id. ' 1.07(a)(17)(B).

Appellant contends that Chopp=s identification
of appellant as the gunman is Acontrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust@ because: (1) it
was dark outside at the time of the robbery; (2) the gunman=s face was
slightly distorted by a stocking mask; and (3) Chopp=s identification
was based on an allegedly inaccurate recollection that the officers recovered a
stocking mask from appellant=s pocket during the traffic stop. Viewing
all the evidence in a neutral light, we conclude that the evidence is factually
sufficient to support the State=s contention that appellant was the gunman
in the robbery.  Although appellant correctly states that it was dark outside
during the robbery, Chopp further testified that there was lighting in her
driveway from her neighbor=s outdoor lights and that she was able to
see the suspects in her driveway, especially appellant who leaned on her car
and threatened her with a gun.  

Additionally, Chopp testified that while appellant=s face was
slightly distorted with the stocking mask, she was still able to recognize
appellant=s facial features because the mask was Avery thin@ and transparent. 
She further testified that she recognized appellant as the gunman because the
gunman had long hair, and appellant was the only suspect with similar long
hair.  Additionally, Chopp identified appellant in open court as the gunman.  See
Johnson v. State, 176 S.W.3d 74, 78 (Tex. App.CHouston [1st
Dist.] 2004, pet. ref=d) (reasoning that the testimony of a
single eye-witness identifying the accused is sufficient to support a felony
conviction for aggravated robbery).   

 








Appellant also argues that Chopp=s identification
was based on an inaccurate recollection.  At trial, Chopp testified that when
she identified appellant as the gunman, Officer Ledesma recovered a stocking
mask from appellant=s pocket and had appellant put the mask
over his face.  Officer Ledesma testified that he neither recalled finding a
stocking mask in appellant=s pocket nor compelling appellant to put a
stocking mask over his face while Chopp identified the suspects.  Chopp=s testimony is not
necessarily inaccurate as Officer Ledesma testified that he simply did not
recall recovering a stocking mask from appellant.  Even if it is, some
inaccuracies in a witness=s description do not automatically render
the evidence insufficient.  See Escovedo v. State, 902 S.W.2d 109, 115B16 (Tex. App.CHouston [1st
Dist.] 1995, pet. ref=d).   Rather, such details are for the
jury to consider in assessing the credibility of a witness.  Id. 
Apparently, the jury in this case viewed the identification evidence in favor
of the State.  See Cain v. State, 958 S.W.2d 404, 409B10 (Tex. Crim.
App. 1997) (reasoning that a jury decision is not manifestly unjust merely
because the jury resolved conflicting views of evidence in favor of the State).

Viewing all the evidence in a neutral light, we cannot say
with some objective basis in the record that appellant=s conviction is
clearly wrong or manifestly unjust because the great weight and preponderance
of the evidence contradicts the jury=s verdict.  See
Brown v. State, 212 S.W.3d 851, 864B65 (Tex. App.CHouston [1st
Dist.] 2006, pet. ref=d); Johnson, 176 S.W.3d at 78.  We
conclude that the evidence is factually sufficient to identify appellant as the
gunman in the robbery.  Accordingly, overrule appellant=s first issue.

INEFFECTIVE ASSISTANCE OF COUNSEL








In his second issue, appellant argues that his trial
counsel was ineffective for failing to object to Chopp=s in-court
identification of appellant as the gunman because the in-court identification
was tainted by an unduly suggestive pre-trial identification procedure.  To
prove ineffective assistance of counsel, appellant must demonstrate that: (1)
his counsel=s performance was deficient because it fell below an objective
standard of reasonableness; and (2) there was a reasonable probability that,
but for counsel=s errors, the result of the proceeding
would have been different.  Strickland v. Washington, 466 U.S. 668, 687
(1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). 

There is a strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance, and we will
sustain allegations of ineffectiveness only if they are firmly founded in the
record.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
We also indulge a strong presumption that counsel=s actions were
motivated by sound trial strategy, and we will not judge the action to be
deficient unless it was so outrageous that no competent attorney would have
engaged in such conduct.  Garcia v. State, 57 S.W.3d 436, 440 (Tex.
Crim. App. 2001), cert. denied, 537 U.S.1195 (2003).  We look to the
totality of the representation and not to isolated instances of error or to
only a portion of the proceedings.  Thompson, 9 S.W.3d at 813;
Rivera-Reyes, 252 S.W.3d at 788B89.  In the
absence of evidence regarding counsel=s reasons for the
challenged conduct, the record on direct appeal is simply undeveloped and
cannot adequately reflect the alleged failings of trial counsel.  Freeman v.
State, 125 S.W.3d 505, 506B507 (Tex. Crim. App. 2003).








Appellant=s contention that trial counsel=s failure to
object to Chopp=s in-court identification denied him
effective assistance of counsel essentially challenges the sufficiency of the
identification evidence, which we have found to be sufficient.  Furthermore,
appellant presented no evidence of his trial counsel=s reasoning or
rationale for his actions.  Appellant did not file a motion for new trial or
introduce any evidence relating to his counsel=s reasoning.
Because the record provides no explanation as to why trial counsel failed to
object to Chopp=s in-court identification of appellant,
the record on appeal is simply undeveloped.  See id.  Moreover, because
there is no evidence in the record of any improper pre-trial identification
procedures, we cannot conclude that counsel=s performance was
deficient and fell below an objective standard of reasonableness.[2] 
The Court of Criminal Appeals has repeatedly cautioned appellate courts to be
especially hesitant to declare counsel ineffective based upon a single alleged
miscalculation during what amounts to otherwise satisfactory representation,
especially when the record provides no discernible explanation of the
motivation behind counsel=s actions.  Thompson, 9 S.W.3d at
814. On this silent record, appellant has not overcome the strong presumption
that counsel acted pursuant to sound trial strategy.  We overrule appellant=s second issue.

We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Because a factual sufficiency review begins with the
presumption that the evidence supporting the jury=s verdict is legally sufficient, and because appellant challenges only
the factual sufficiency of the evidence, appellant effectively concedes the
evidence is legally sufficient to sustain his conviction.  See Santellan
v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997); Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996); Newby v. State, 252 S.W.3d
431, 435 n.1 (Tex. App.CHouston [14th Dist.] 2008, pet. ref=d).





[2]  Because appellant has failed to demonstrate that
trial counsel=s performance fell below an objective standard of
reasonableness under the first Strickland prong, we need not consider
the second prong.  See Garcia, 57 S.W.3d at 440 (Aan appellant=s
failure to satisfy one prong of the Strickland test negates a court=s need to consider the other prong@).