Affirmed and Memorandum Opinion filed January 21, 2010. 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-00960-CV



 

In the Interest of K.L.A.C.,
D.D.C., and S.L.H.C.

 



On Appeal from the 315th
District Court

Harris County, Texas

Trial Court Cause No. 2007-02942J



 

MEMORANDUM  OPINION

 

Appellant Denise Ann Tucker appeals a final order
terminating her parental rights to her children K.L.A.C., D.D.C., and S.L.H.C.[1] 
After a bench trial, the trial court (1) appointed the Texas Department of
Family and Protective Services (“DFPS”) as sole managing conservator of
appellant’s three children; and (2) involuntarily terminated the parent-child
relationship between appellant and all three children.  In three issues,
appellant argues (1) the evidence was legally and factually insufficient to
support the trial court’s findings justifying termination of appellant’s
parental rights; (2) the evidence was legally and factually insufficient to
prove that termination of the parent-child relationship between appellant and K.L.A.C.,
D.D.C., and S.L.H.C. was in the best interest of the children; and (3) she
received ineffective assistance of counsel.[2] 
We affirm.

Background

Appellant is the biological mother of three children:
K.L.A.C., age eight; D.D.C., age seven; and S.L.H.C., age five.  DFPS received
a referral of neglectful supervision of K.L.A.C. on March 21, 2007.  K.L.A.C.,
who is autistic and mentally retarded, was found unsupervised in a parking lot
near a busy street.  After speaking with a DFPS investigator, appellant agreed
to place all three children with their maternal grandparents.  

Shortly after the children were placed with their
maternal grandparents, DFPS learned that appellant’s mother was ill and having
difficulty caring for the children, and that there was no running water at the
house.  A DFPS caseworker also requested that appellant and her parents submit
to a drug test on March 27, 2007.  Appellant refused, stating that she would
test positive for Xanax.  Appellant’s father also refused.  Appellant’s mother
complied with the request and tested positive for cocaine.    

DFPS subsequently removed all three children from
their maternal grandparents’ home on March 27, 2007, and filed a petition
seeking to terminate the parent-child relationship between appellant and her
three children on March 28, 2007.[3] 
A family service plan was filed on May 11, 2007.  Under the family service plan,
appellant was required to attend parenting classes; visit her children twice a
month; complete a drug and alcohol assessment; complete a psychological
evaluation; and submit to random drug tests.  

A bench trial was held on September 24, 2008.  On
October 8, 2008, the trial court signed its judgment appointing DFPS as sole
managing conservator of K.L.A.C., D.D.C., and S.L.H.C., and involuntarily
terminating the parent-child relationship between appellant and all three
children.  

The court found that termination of the parent-child
relationship was in the best interests of the children and that appellant: 

·       
“knowingly placed or knowingly allowed the children to remain in
conditions or surroundings which endanger the physical or emotional well-being
of the children[,]” see Tex. Fam. Code Ann. § 161.001(1)(D) (Vernon
2002); 

·       
“engaged in conduct or knowingly placed the children with persons
who engaged in conduct which endangers the physical or emotional well-being of
the children[,]”see id. § 161.001(1)(E); 

·       
“constructively abandoned the children who have been in the
permanent or temporary managing conservatorship of the Department of Family and
Protective Services or an authorized agency for not less than six months and:
(1) the Department or authorized agency has made reasonable efforts to return
the children to the mother; (2) the mother has not regularly visited or
maintained significant contact with the children; and (3) the mother has
demonstrated an inability to provide the children with a safe environment[,]”see
id.§ 161.001(1)(N); and 

·       
“failed to comply with the provisions of a court order that
specifically established the actions necessary for the mother to obtain the
return of the children who have been in the permanent or temporary managing
conservatorship of the Department of Family and Protective Services for not
less than nine months as a result of the children’s removal from the parent
under Chapter 262 for the abuse or neglect of the children[,]”  see id. § 161.001(1)(O). 
 

Appellant filed her (1) notice of appeal, (2)
affidavit of indigence, and (3) motion for new trial and statement of appellate
points on October 15, 2008.  On October 29, 2008, the trial court held a
hearing and signed an order denying appellant’s motion for new trial,
sustaining appellant’s affidavit of indigence, and finding the appeal to be
frivolous.[4]
 See Tex. Fam. Code Ann. § 263.405(d) (Vernon 2009).                 

Analysis

Appellant presents three issues on appeal.  As a
threshold matter, DFPS argues that appellant’s legal and factual sufficiency challenges
are subject to Texas Family Code section 263.405(g) because the trial court
determined that the appeal is frivolous.  DFPS argues that under section 263.405(g),
we must first review the trial court’s frivolousness finding before proceeding
to the merits of this appeal.  We agree.[5] 


I.         Frivolousness Finding

Family Code section 263.405(b)
requires an appellant to file “a statement of the point or points on which the
party intends to appeal” not later than the 15th day after the date a final
termination order is signed.  Id. § 263.405(b).  Once a party files
a statement of appellate points, section 263.405(d) requires the trial
court to hold a hearing to determine whether: (1) a new trial should be
granted; (2) a party’s claim of indigence, if any, should be sustained; and (3)
the appeal is frivolous as provided by Civil Practice and Remedies Code section 13.003(b).
 Id. § 263.405(d).  If the trial court
concludes that the appeal is frivolous, appellant may appeal the trial court’s frivolousness finding. Id.
§ 263.405(g). But appellant’s appeal is limited to the trial court’s
determination that the appeal is frivolous. See Tex. Civ. Prac. &
Rem. Code Ann. § 13.003(a)(2)(A) (Vernon 2002); Lumpkin v. Dep’t of
Family and Protective Servs., 260 S.W.3d 524, 526 (Tex. App.—Houston [1st
Dist.] 2008, no pet.) (appellate court must consider frivolousness issue before
proceeding to the merits of the appeal).    

We review a trial court’s determination that an
appeal is frivolous for abuse of discretion.  In re J.J.C., Nos.
14-08-01074-CV, 14-08-01091-CV, 14-08-01129-CV, 2009 WL 3817892, at *6 (Tex.
App.—Houston [14th Dist.] Nov. 17, 2009, no pet.); Lumpkin, 260 S.W.3d
at 526.  An appeal is frivolous when it lacks an arguable basis in law or in
fact.  In re K.D., 202 S.W.3d 860, 865 (Tex. App.—Fort Worth 2006, no pet.). 
In determining whether an appeal is frivolous, the trial court considers “whether
the appellant has presented a substantial question for appellate review.”  Tex.
Civ. Prac. & Rem. Code Ann. § 13.003(b); see Tex.
Fam. Code Ann. § 263.405(d)(3) (incorporating section 13.003(b) by
reference). 

Appellant identified two appellate issues in her
statement of points on appeal: (1) whether the evidence was legally and
factually sufficient to support the trial court’s finding that appellant committed
one or more of the acts specifically named in Family Code section 161.001; and
(2) whether the evidence was legally and factually sufficient to support the
trial court’s determination that termination of appellant’s parental rights as
to  K.L.A.C., D.D.C., and S.L.H.C. was in the best interest of the children. 

To terminate a parent-child relationship, a trial
court must find by clear and convincing evidence that (1) termination is in the
best interest of the child, and (2) the parent committed one or more of the
acts specifically named in Family Code section 161.001.  Tex. Fam. Code Ann.
§ 161.001.  “Clear and convincing evidence” is defined as the “measure or
degree of proof that will produce in the mind of the trier of fact a firm
belief or conviction as to the truth of the allegations sought to be
established.”  Tex. Fam. Code Ann. § 101.007 (Vernon 2002).  Only one
ground under section 161.001 is necessary to support a judgment in a parental
rights termination case.  See Tex. Fam. Code Ann. § 161.001; In
re A.V., 113 S.W.3d 355, 362 (Tex. 2003).   

When conducting a legal and factual sufficiency
review in a parental rights termination case, we must determine whether the
trial court abused its discretion by finding that, based on the evidence, the
factfinder reasonably could have formed a firm belief or conviction that its
findings were true.  See In re C.H., 89 S.W.3d 17, 25 (Tex. 2002); In
re J.F.C., 96 S.W.3d 256, 265-66 (Tex. 2002).  In reviewing legal
sufficiency of the evidence, we examine all of the evidence in the light most
favorable to the factfinder’s findings.  In re J.F.C., 96 S.W.3d at
266.  In reviewing factual sufficiency, we examine all of the evidence giving
due consideration to evidence that the factfinder could have reasonably found
to be clear and convincing.  Id.  We also consider whether disputed
evidence is such that a reasonable factfinder could not have resolved that
disputed evidence in favor of its finding.  Id.  If the disputed
evidence that a reasonable factfinder could not have credited in favor of its
finding is so significant that a factfinder could not reasonably have formed a
firm belief or conviction, then the evidence is factually insufficient.  Id. 
     

Appellant first challenges the legal and factual
sufficiency of the trial court’s finding that appellant committed one or more
of the acts specifically named in Family Code section 161.001.  The trial court
terminated appellant’s parental rights on grounds that appellant (1) “knowingly
placed or knowingly allowed the children to remain in conditions or
surroundings which endanger the physical or emotional well-being of the
children;” (2) “engaged in conduct or knowingly placed the children with
persons who engaged in conduct which endangers the physical or emotional
well-being of the children;” (3) constructively abandoned the children; and (4)
“failed to comply with the provisions of a court order that specifically
established the actions necessary for the mother to obtain the return of the
children who have been in the permanent or temporary managing conservatorship
of [DFPS] for not less than nine months as a result of the children’s removal
from the parent under Chapter 262 for the abuse or neglect of the children.”  See
Tex. Fam. Code Ann. § 161.001(1)(D),(E),(N),(O). 

In regards to the trial court’s finding that
appellant failed to comply with the provisions of a court order, appellant
argues that the record “does not contain an order signed by the Court with
which Appellant may or may not have complied with.”  DFPS filed a family
service plan on May 11, 2007.  The trial court approved and adopted DFPS’s
family service plan without modification in an order signed on May 18, 2007. 
Although the family service plan is not a court order itself, the trial court’s
order approving and adopting the family service plan established that
compliance with the requirements of the family service plan was an action
necessary for appellant to obtain the return of her children.  See In re E.S.C.,
287 S.W.3d 471, 475 (Tex. App.—Dallas 2009, pet. filed).    

Under the family service plan, appellant was required
to attend parenting classes; visit her children twice a month; complete a drug
and alcohol assessment; complete a psychological evaluation; and submit to
random drug tests.  At trial, Raneka Hayes, a DFPS case worker, testified that
appellant completed only a psychological evaluation; appellant did not complete
any of the other requirements under her family service plan.   Appellant does
not argue that she complied with the provisions of the family service plan.  Appellant
does not contest that her children had been under the conservatorship of DFPS
for more than nine months, or that they were removed for abuse or neglect.  

Based on the record, the factfinder reasonably could
have formed a firm belief or conviction that appellant failed to comply with a
court order specifically establishing the actions necessary for appellant to
regain custody of her children.  See id.  Therefore, the trial court did
not abuse its discretion when it made a frivolousness determination as to appellant’s
legal and factual sufficiency challenge to the evidence supporting the trial
court’s finding that appellant committed one or more of the acts specifically
named in Family Code section 161.001.[6] 
  

Appellant next challenges the legal and factual
sufficiency of the evidence supporting the trial court’s finding that
termination of her parental rights as to K.L.A.C., D.D.C., and S.L.H.C. was in
the best interest of the children.  Courts consider the following factors in
determining whether termination of the parent-child relationship is in the best interest of the child: (1) the child’s desires; (2)
the child’s emotional and physical needs now and in the future; (3) the
emotional and physical danger to the child now and in the future; (4) the
parental abilities of the individuals seeking custody; (5) the programs
available to assist these individuals to promote the best
interest of the child; (6) the plans for the child by these individuals or by
the agency seeking custody; (7) the stability of the home or proposed
placement; (8) the acts or omissions of the parent which may indicate that the
existing parent-child relationship is not proper; and (9) any excuse for the
acts or omissions of the parent.  Holley v. Adams, 544 S.W.2d 367,
371-72 (Tex. 1976); In re C.M.C., 273 S.W.3d 862, 876 (Tex. App.—Houston
[14th Dist.] 2008, no pet.).  “Best
interest” does not require proof of any unique set of factors, and it does not
limit proof to any specific factors.   In re S.M.L., 171 S.W.3d 472, 480
(Tex. App.—Houston [14th Dist.] 2005, no pet.).  The same evidence of acts or
omissions used to establish a ground for termination under
section 161.001(1) may be probative in determining the
best interest of the child.  In re A.A.A., 265 S.W.3d 507, 516 (Tex.
App.—Houston [1st Dist.] 2008, pet. denied). 

At trial, there was evidence that K.L.A.C. is
autistic and mentally retarded.  As a result, K.L.A.C. requires a high level of
assistance.  There was also evidence that S.L.H.C. had behavioral problems and
was receiving play therapy.  Hayes testified that appellant was not able to
meet the needs of the children.  There also was evidence that all three
children were doing well in their placements.  Hayes testified that DFPS was
currently searching for adoptive homes for the children, and she believed DFPS
could find adoptive homes for the children.  There was evidence that appellant
had failed to complete any of the services required under her family services
plan other than completing a psychological examination.  There was evidence
that appellant did not attend all of her scheduled visits with her children and
was “sporadic in her contact with” DFPS.  There was evidence that appellant
refused to submit to a drug test and stated she would test positive for Xanax. 
There also was evidence that appellant had moved three times between February
2008 and November 2008 and had failed to demonstrate that she could provide a
stable home for the children.   

Appellant did not attend the trial and offered no
evidence of her ability to care for the children or her plans to care for the
children in the future.      

Based on this record, the factfinder reasonably could
have formed a firm belief or conviction that termination of appellant’s
parental rights as to K.L.A.C., D.D.C., and S.L.H.C. was in the best interest
of the children.  See Holley, 544 S.W.2d at 371-72; In re C.M.C.,
273 S.W.3d at 876.  Therefore, the trial court did not abuse its discretion
when it made a frivolousness determination as to appellant’s legal and factual
sufficiency challenge to the evidence supporting the trial court’s finding that
termination of appellant’s parental rights as to K.L.A.C., D.D.C., and S.L.H.C.
was in the best interest of the children.   

 After reviewing the appellate record, we conclude
that appellant’s statement of points did not present a substantial question for
appellate review.  See Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b);
Tex. Fam. Code Ann. § 263.405(d)(3) (incorporating section 13.003(b) by
reference).  

We overrule appellant’s first and second issues.

II.        Ineffective
Assistance of Counsel

Appellant also argues that she received ineffective
assistance of counsel.  Ineffective assistance of counsel claims are not
subject to the procedural rules of Family Code section 263.405.  See In
re J.O.A., 283 S.W.3d 336, 339 (Tex. 2009).  

We review claims of ineffective
assistance of counsel in termination cases under the standard set forth in Strickland
v. Washington, 466 U.S. 668 (1984).  In re M.S., 115 S.W.3d 534, 545
(Tex. 2003).  Under Strickland, an appellant must establish that (1)
trial counsel’s representation was deficient; and (2) the deficient performance
was so serious that it deprived the appellant of a fair trial.  Strickland,
466 U.S. at 687; In re M.S., 115 S.W.3d at 545.  To statisfy these
prongs, the appellant must establish by a preponderance of the evidence that
(1) counsel’s representation fell below the objective standard of prevailing
professional norms; and (2) there is a reasonable probability that, but for
counsel’s deficiency, the result of the proceeding would have been different.  Strickland,
466 U.S. at 690-94.  A reasonable probability is one sufficient to undermine
confidence in the outcome of the trial.  Id. at 694.  Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  In re K.K., 180
S.W.3d 681, 685 (Tex. App.—Waco 2005, no pet.).

When reviewing a claim of ineffective assistance of
counsel, we look to the totality of the representation and not to isolated
instances of error or to a single portion of the trial.  Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999); Rivera-Reyes v. State, 252
S.W.3d 781, 788-89 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  Appellate
review of trial counsel’s representation is highly deferential and presumes
that counsel’s actions fell within the wide range of reasonable and
professional assistance.  Garza v. State, 213 S.W.3d 338, 348 (Tex. Crim.
App. 2007).

If the reasons for counsel’s
conduct at trial do not appear in the record and it is at least possible that
the conduct could have been grounded in legitimate trial strategy, we will
defer to counsel’s decisions and deny relief on an ineffective assistance claim
on direct appeal.  Id.  To warrant reversal when trial counsel has not
been afforded an opportunity to explain those reasons, the challenged conduct
must be “‘so outrageous that no competent attorney would have engaged in it.’” 
Roberts v. State, 220 S.W.3d 521, 533-34 (Tex. Crim. App. 2007), cert.
denied, 552 U.S. 920 (2007) (quoting Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005)).  A vague, inarticulate sense that counsel
could have provided a better defense is not a legal basis for finding counsel
constitutionally deficient.  Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim.
App. 2002).  

Appellant argues that her trial counsel was ineffective
because he did not “bother to cross-examine” DFPS’s sole witness, Hayes.  Appellant
argues that her trial counsel should have asked the following: 

Ms.
Hayes testified about a recommended follow through after Appellant’s psychological
examination but has not asked what.  She testified without details in the
visits of Appellant, nothing about whether Appellant was appropriate.  Nothing
was asked about her moves, or why she was unstable and why she had an inability
to care for the children.  Nothing was asked for details on why [D.D.C.] and [S.L.H.C.]
are thriving.   

 

Contrary to appellant’s assertion, appellant’s trial
counsel questioned Hayes at trial.  Appellant’s trial counsel asked Hayes if
she had had any recent contact with appellant; Hayes testified that she had
not.  This testimony was consistent with evidence that had been introduced
indicating that appellant had not provided DFPS with her current contact
information.  Appellant’s trial counsel also questioned Hayes regarding
placement of the children with a maternal relative as requested by appellant.  

Appellant cannot satisfy Strickland’s first
prong by showing by a preponderance of the evidence that trial counsel’s
representation fell below an objective standard of reasonableness based on prevailing
professional norms.  See Rivera-Reyes, 252 S.W.3d at 788-89.  Appellant
failed to specify what testimony would have been introduced by asking the above
referenced questions.  Further, the record contains no evidence regarding the
trial strategy of appellant’s trial counsel.  Therefore, the record does not
rebut the presumption that trial counsel’s actions and decisions were
reasonably professional and were motivated by sound trial strategy.  See id.

We overrule appellant’s third issue.

Conclusion

            We affirm the trial court’s judgment.








 

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

Panel consists of Justices Anderson,
Boyce, and Mirabal.[7]









[1]
See Tex. R. App. P. 9.8 (requiring
alias name for child in parental-rights termination
cases).





[2]
Appellant does not appeal the trial court’s appointment of DFPS as sole
managing conservator of appellant’s three children.  Therefore, only the trial
court’s decision to terminate the parent-child relationship of appellant and
K.L.A.C., D.D.C., and S.L.H.C. is addressed in this appeal.





[3]
The trial court also terminated the parental rights of (1) Shawn Henry
Campbell, the alleged father of K.L.A.C., D.D.C., and S.L.H.C.; and (2) the “unknown
father” of K.L.A.C., D.D.C., and S.L.H.C.  The trial court’s termination of the
parental rights of Shawn Henry Campbell and the “unknown father” as to
K.L.A.C., D.D.C., and S.L.H.C. is not challenged in this appeal.  





[4]
Appellant’s initial appellate counsel filed an Anders
Brief.  Counsel’s brief did not comply with the procedures set out in Anders
v. California, 386 U.S. 738 (1967).  We granted counsel’s motion to
withdraw, abated this appeal, and remanded to the trial court with instructions
to appoint other counsel for appellant.  After the trial court appointed other
counsel for appellant, we reinstated this appeal.





[5]
We construe appellant’s briefing to include a challenge to the trial court’s
finding that her appeal is frivolous.  See Lumpkin
v. Dep’t of Family and Protective Servs., 260 S.W.3d 524, 525 (Tex.
App.—Houston [1st Dist.] 2008, no pet.); In re
R.A.P., No. 14-06-00109-CV, 2007 WL 174376, at *2 (Tex. App.—Houston [14th
Dist.] Jan. 25, 2007, pet. denied) (mem. op.).





[6]
Because only one
ground alleged under section 161.001 is necessary to support a judgment in a
parental rights termination case, we do not address appellant’s arguments
regarding the trial court’s other three grounds for termination.  See Tex.
Fam. Code Ann. § 161.001; In re A.V., 113 S.W.3d at 362. 

 





[7]
Senior Justice Margaret Garner Mirabal sitting by assignment.