Eduardo RIVERA–REYES, Appellant

v.

The STATE of Texas, Appellee.

No. 14–06–00621–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 24, 2008.

Tony Aninao, Houston, TX, for appellants.

Lori DeAngelo Fix, Houston, TX, for appellees.

Panel consists of Chief Justice HEDGES and Justices FROST and MURPHY.*

**OPINION**

KEM THOMPSON FROST, Justice.

Appellant Eduardo Rivera–Reyes appeals his conviction for attempted indecency with a child, asserting factual and legal insufficiency of the evidence, error by the trial court in admitting hearsay evidence of the child's age, and ineffective assistance of his trial counsel. We affirm.

### I. Factual and Procedural Background

On January 31, 2005, a store security officer saw appellant enter the store and recognized appellant from a 2004 store security video in which store employees recorded appellant acting "suspiciously." The officer alerted the loss-prevention investigator to appellant's presence in the store and the investigator recorded appellant's movements on the store's security monitors. The investigator, via the recording equipment, observed appellant continuously move his right hand back and forth within his pants pocket as if he were stimulating himself. The investigator saw appellant approach a young girl in the store's school-supply aisle. Appellant appeared to brush the front of his body against the back of her body several times in a "provocative way," which the investigator described as "suspicious" behavior. The incident was recorded on videotape, but the recording did not capture sound. The video depicted appellant speaking to the girl. The investigator then approached the girl and appellant in the aisle, and the girl walked away. The investigator asked appellant if he knew the girl, to which appellant replied that he was trying to buy boots and did not know what the investigator was talking about. The security officer did not see the incident, but upon the investigator's orders, the officer detained appellant.

The investigator spoke with the girl and her mother and wrote a report based on the information provided. The girl did not remember what appellant said to her. Though the video shows appellant brushing up against the child from the back, neither the girl nor her mother was aware of appellant touching the girl.

Appellant was indicted for the felony offense of attempted indecency with a child, to which he pleaded "not guilty." At a bench trial, the State presented witness testimony from three store employees and tendered the 2005 security videotape of the incident. Neither the appellant, the child, nor the child's mother testified. The trial judge found appellant guilty and assessed punishment of ten years' confinement.

* Senior Chief Justice Paul C. Murphy sitting by assignment.

## II. ISSUES AND ANALYSIS

Appellant presents the following issues for review on appeal:

(1) Is the evidence legally and factually sufficient to support appellant's conviction? [1]

(2) Did the trial court err in admitting hearsay evidence of the child's age?

(3) Did appellant receive ineffective assistance of counsel?

### A. Is the evidence legally and factually sufficient to support appellant's conviction?

■ In his second and third issues, appellant challenges the legal and factual sufficiency of the evidence supporting his conviction. Appellant claims error in that the investigator offered inadmissible hearsay regarding the child's age, an essential element of the crime, and that no other evidence proved the child's age. According to appellant, because the investigator's testimony regarding the child's age was inadmissible hearsay, the State failed to prove beyond a reasonable doubt that the child was under seventeen years of age. Appellant also alleges legal and factual insufficiency in that the State adduced no evidence that the child was not appellant's spouse.

In evaluating a legal-sufficiency challenge, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State,* 29 S.W.3d 103, 111 (Tex.Crim.App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State,* 819 S.W.2d 839, 846 (Tex.Crim.

App.1991). The jury, as the trier of fact, "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State,* 991 S.W.2d 267, 271 (Tex.Crim.App.1999). The jury may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App. 1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State,* 867 S.W.2d 43, 47 (Tex.Crim.App.1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State,* 939 S.W.2d 607, 614 (Tex. Crim.App.1997).

In contrast, when evaluating a challenge to the factual sufficiency of the evidence, we view all the evidence in a neutral light and inquire whether we are able to say, with some objective basis in the record, that a conviction is "clearly wrong" or "manifestly unjust" because the great weight and preponderance of the evidence contradicts the jury's verdict. *Watson v. State,* 204 S.W.3d 404, 414–17 (Tex.Crim. App.2006). It is not enough that this court harbor a subjective level of reasonable doubt to overturn a conviction that is founded on legally sufficient evidence, and this court cannot declare that a conflict in the evidence justifies a new trial simply because it disagrees with the jury's resolution of that conflict. *Id.* at 417. If this court determines the evidence is factually insufficient, it must explain in exactly what way it perceives the conflicting evidence greatly to preponderate against conviction. *Id.* at 414–17. Our evaluation should not intrude upon the fact finder's role as the sole judge of the weight and credibility given to any witness's testimony. *See*

---

**1.** Appellant addresses legal and factual sufficiency of the evidence in two separate issues, but we review the two issues together and address these points first.

*Fuentes,* 991 S.W.2d at 271. In conducting a factual-sufficiency review, we discuss the evidence appellant claims is most important in allegedly undermining the jury's verdict. *Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim.App.2003).

■ A person commits indecency with a child if, with a child younger than seventeen years and not the person's spouse, the person engages in sexual contact with the child. TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2003). "Sexual contact" includes any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child. TEX. PENAL CODE ANN. § 21.11(c)(1) (Vernon 2003). A person commits an attempted indecency with a child if, with specific intent to commit the offense, the person commits an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. *Id.* § 15.01(a) (Vernon 2003). Circumstantial evidence may be used to prove an essential element of the offense charged. *Moore v. State,* 969 S.W.2d 4, 10 (Tex.Crim.App. 1998) (inferring intent from circumstantial evidence of accused's acts, words, and conduct); *Henson v. State,* 173 S.W.3d 92, 101 (Tex.App.-Tyler 2005, pet. ref'd) (inferring from circumstantial evidence that complainant was not appellant's spouse).

A reviewing court considers both properly and improperly admitted evidence in its sufficiency review and gives the evidence whatever weight and probative value it could rationally convey to a jury. *Moff v. State,* 131 S.W.3d 485, 489 (Tex.Crim. App.2004). The investigator indicated that the child's mother told him that the girl was born in December 1996, which would

make the child eight years old at the time of the offense. The investigator's statement[2] of the child's age as well as the videotape depicting the actual offense are sufficient to establish that the child was under seventeen years of age when appellant attempted indecency with her. *See id.; Henson,* 173 S.W.3d at 101.

Appellant argues that the State produced no evidence to prove that the child was not appellant's spouse, which is another element of the crime of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11(a)(1). The record reflects the investigator's testimony that when the investigator asked appellant if he knew the child, appellant replied that he "didn't know what [the investigator was] talking about." This statement supports an inference that the child was not appellant's spouse. *See Henson,* 173 S.W.3d at 101. Additionally, the fact that the child was eight years old is enough to support an inference that she was not appellant's wife, even absent testimony from the complainant. *See Chavez v. State,* 508 S.W.2d 384, 386 (Tex.Crim.App.1974); *see also Ramirez v. State,* No. 01–96–00353–CR, 1999 WL 351154, at * 1 (Tex.App.-Houston [1st Dist.] June 3, 1999, no pet.) (not designated for publication) ("Evidence of the victim's age is sufficient to prove that the victim is not the spouse of the defendant."); *Driver v. State,* No. 01–086– 00810–CR, 1988 WL 15112, at *2 (Tex. App.-Houston [1st Dist.] Feb. 25, 1988, pet. ref'd) (not designated for publication) (approving use of circumstantial evidence to prove rape victim was not appellant's spouse).

---

2. In Part B of this opinion, we address appellant's hearsay argument regarding the admissibility of the investigator's statement; however, we review the sufficiency of the evidence, as rendition points, first. In a sufficiency review, appellate courts must consider all evidence both properly and improperly admitted at trial, which the jury was permitted to consider. *Moff,* 131 S.W.3d at 488, 489.

Because a rational trier of fact could have found that the State proved each of the elements of attempted indecency with a child beyond a reasonable doubt, the evidence is legally sufficient to support appellant's conviction. *See McDuff,* 939 S.W.2d at 614. Additionally, in viewing all the evidence in a neutral light, appellant's conviction is not "clearly wrong" or "manifestly unjust" given the weight and preponderance of the evidence, which we determine to be factually sufficient. *See Watson,* 204 S.W.3d at 414–17. Therefore, we overrule appellant's second and third issues.

## B. Did the trial court err in admitting hearsay evidence of the child's age?

■ In his first issue, appellant contends that the trial court erred in admitting hearsay evidence of the girl's age, over his objection, during the State's direct examination of the store's loss-prevention investigator:

[PROSECUTOR]: Do you recall what [the complainant's] date of birth was as given to you by her mother?

[DEFENSE COUNSEL]: Objection to hearsay, Your Honor.

[COURT]: Overruled. You may answer the question.

[INVESTIGATOR]: I believe it was December of 1996, December 6th, 1996.

A trial court's decision to admit or exclude hearsay evidence is a matter within the discretion of the trial court. *Salazar v. State,* 38 S.W.3d 141, 153–54 (Tex.Crim. App.2001); *Coffin v. State,* 885 S.W.2d 140, 149 (Tex.Crim.App.1994). A ruling within the bounds of reasonable disagreement will not be disturbed on appeal. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim.App.1990).

Hearsay is an out-of-court statement, other than a statement made while testifying at trial, that is offered into evidence to prove the truth of the matter asserted.

TEX. R. EVID. 801(d); *Long v. State,* 800 S.W.2d 545, 547 (Tex.Crim.App.1990). For hearsay to be admissible, it must fit into an exception provided by statute or the rules of evidence. TEX. R. EVID. 802; *Long,* 800 S.W.2d at 547. A "matter asserted" includes any matter expressly asserted and any matter implied by a statement if the probative value of the statement, as offered, stems from the declarant's belief as to the matter. TEX. R. EVID. 801(c). In this case, the investigator testified that the girl's mother, the declarant, made the out-of-court statement regarding the child's birth date to the investigator as he wrote a report of the incident. Such information presumably was offered for the truth that the child was a minor under the age of seventeen. Upon appellant's objection, the State did not argue that such evidence fell within an admissible exception to the hearsay rule, and the trial court did not indicate the basis of its ruling. The investigator's statement that the mother told him the child was born in December 1996 is hearsay because it was offered for the truth of the matter that the child was under seventeen years old. *See* TEX. R. EVID. 802; TEX. R. EVID. 801(d). The trial court erroneously overruled appellant's hearsay objections to the investigator's statement and erred in admitting the investigator's inadmissible hearsay statement regarding the child's age. *See* TEX. R. EVID. 802; *Johnson v. State,* 967 S.W.2d 410, 417 (Tex.Crim.App.1998).

■ The admission of inadmissible hearsay constitutes non-constitutional error subject to the harm analysis rule under Texas Rule of Appellate Procedure 44.2(b), which requires the reviewing court to disregard non-constitutional error that does not affect a criminal defendant's substantial rights. *See* TEX. R. APP. P. 44.2(b); *Johnson v. State,* 43 S.W.3d 1, 4 (Tex.

Crim.App.2001). Error affects a substantial right when it has a substantial and injurious effect or influence in determining the jury's verdict. *Johnson,* 43 S.W.3d at 4. Such error is harmless if the reviewing court, after examining the record as a whole, is reasonably assured the error did not influence the jury verdict or had but slight effect. *See Johnson,* 967 S.W.2d at 417.

■ An error in the admission of evidence is cured when the same evidence comes in elsewhere without objection. *Anderson v. State,* 717 S.W.2d 622, 627 (Tex.Crim.App.1986); *Hudson v. State,* 675 S.W.2d 507, 511 (Tex.Crim.App.1984). In this case, the State showed a videotape of the actual offense without objection from appellant. The video depicts a young girl whose features, stature, build, characteristics, clothing, and overall appearance are obviously those of a child younger then seventeen years of age.

■ We first determine whether the video, without direct testimony, is admissible to prove an essential element of the crime, such as the child's age, when the video depicts only the child's image. Circumstantial evidence [3] is as probative as direct evidence in establishing guilt and may prove any element of a case. *Guevara v. State,* 152 S.W.3d 45, 49 (Tex.Crim. App.2004); *Henson,* 173 S.W.3d at 101 (providing elements for attempted indecency with a child and that "[c]ircumstantial evidence may be used to prove an essential element of the offense charged."). Circumstantial evidence alone may be enough to support a verdict in a criminal case as long as the State shoulders its burden of proof of the element beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Kutzner v. State,* 994 S.W.2d 180,

186 (Tex.Crim.App.1999). Though no direct testimony of the child's age was elicited from the trial witnesses except for the investigator's inadmissible hearsay testimony, no formalized procedure is required for the State to prove the essential elements of the crime. *See Sepulveda v. State,* 729 S.W.2d 954, 957 (Tex.App.-Corpus Christi 1987, pet. ref'd) (providing that no formalized procedure is necessary for identifying appellant, whose identity is an element of the crime, when other evidence identified appellant as the perpetrator); *see also Wilson v. State,* 9 S.W.3d 852, 855 (Tex.App.-Austin 2000, no pet.) (involving inference for identity, an essential element of the crime of indecency with a child, through officer's testimony of the complainants' description of perpetrator's van and license plate number when no other direct evidence existed of defendant's identity). Furthermore, in assessing evidence, fact finders may draw inferences from the evidence for certain essential elements of a crime. *See Moore,* 969 S.W.2d at 10 (inferring mental state from acts, words, and circumstances without need for direct evidence thereof); *McKenzie v. State,* 617 S.W.2d 211, 216 (Tex.Crim.App.1981) (inferring intent for indecency with a child); *see also Wilson,* 9 S.W.3d at 855 (inferring identity based on officer's testimony of the complainants' description of perpetrator's van and license plate number); *Burden v. State,* No. 05–97–01464–CR, 1999 WL 562585, at *2 (Tex.App.-Dallas Aug.3, 1999) (not designated for publication), *aff'd* 55 S.W.3d 608 (Tex.Crim.App.2001) (inferring character and content of a video was obscene, an essential element of crime of promotion of obscenity, by looking at cover of videotape). In the case at hand, the trial judge, as fact finder, was easily able to see for himself that the child in the

---

**3.** Circumstantial evidence is direct proof of a secondary fact that, through logical inference, demonstrates an ultimate fact to be proven.

*Taylor v. State,* 684 S.W.2d 682, 684 (Tex. Crim.App.1984).

video could not have been seventeen years or older. Indeed, fact finders are free to use their common sense and apply common knowledge, observations, and experiences gained in the ordinary affairs of life when giving effect to the inferences that reasonably may be drawn from the evidence. *United States v. Heath,* 970 F.2d 1397, 1402 (5th Cir.1992); *Griffith v. State,* 976 S.W.2d 686, 690 (Tex.App.-Tyler 1997, pet. ref'd).

At trial, the State showed the store's video depicting appellant and the child, a girl whose appearance cannot be adjudged as being over the age of seventeen. By showing the video of the child in the aisle as the incident occurred, the State proved through circumstantial evidence that the child was under the age of seventeen. In addition, throughout trial, attorneys for both appellant and the State routinely referred to the complainant as a "little girl."

We hold that the error resulting from the admission of the investigator's inadmissible hearsay testimony concerning the child's date of birth was rendered harmless when the same facts were shown by other evidence, namely the store's security video of the incident, to which appellant did not object. *See Anderson,* 717 S.W.2d at 627 (deeming admission of hearsay statement harmless when other evidence that did not draw an objection proved the same thing). As a result, the improper admission of the hearsay statement does not constitute reversible error. *See id.* We overrule appellant's first issue.

**C. Is appellant's conviction reversible based on ineffective assistance of counsel?**

In his final issue, appellant claims he received ineffective assistance of counsel at trial. The record reflects that appellant filed a motion for a new trial alleging multiple grounds of ineffective assistance

of counsel upon which the trial court conducted an evidentiary hearing.

Appellant's motion for a new trial was filed with the district clerk and stamped with the date of August 15, 2006, one day after the deadline to file this motion had passed. When the trial court indicated that the filing deadline had passed, appellant's trial counsel produced his own personal copies of a motion for new trial that were file-stamped "August 11, 2006." These copies were unsigned and unverified, and the trial court included these copies in the appellate record for review. The trial judge acknowledged for the record that he was not conceding that the motion was timely filed. Instead, the trial judge conducted the evidentiary hearing and ultimately denied appellant's motion.

To prove ineffective assistance of counsel, appellant must show by a preponderance of the evidence that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Jackson v. State,* 973 S.W.2d 954, 956 (Tex.Crim.App.1998). In assessing appellant's claim, we apply a strong presumption that trial counsel was competent. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App.1999). We presume that trial counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy, unless that presumption is rebutted. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App. 1994); *Thompson,* 9 S.W.3d at 814. When reviewing a claim of ineffective assistance, we look to the totality of the representation and not to isolated instances of error or to only a portion of the trial, to deter-

mine that appellant was denied a fair trial. *Thompson,* 9 S.W.3d at 813.

A claim for ineffective assistance of counsel must be firmly supported in the record. *Bone v. State,* 77 S.W.3d 828, 833 (Tex.Crim.App.2002). Ordinarily, the record on direct appeal is not sufficient to show prejudice or that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone,* 77 S.W.3d at 833. The record is best developed for these claims by an application for a writ of habeas corpus or by developing facts and details with a thorough and detailed examination of the alleged ineffectiveness, as attempted in this case via a motion for new trial. *See Jackson,* 973 S.W.2d at 957.

■ However, in this case, the trial court lacked jurisdiction to hold the hearing on appellant's motion for new trial because the motion was not timely filed. *See* TEX. R. APP. P. 21.4(a); *Drew v. State,* 743 S.W.2d 207, 223 (Tex.Crim.App. 1987). The procedural provisions governing motions for a new trial demand strict adherence for a trial court to hold jurisdiction to consider the motion. *Oldham v. State,* 977 S.W.2d 354, 361 (Tex.Crim.App. 1998). An appellant has thirty days after the judgment and sentence are imposed to file a motion for new trial. TEX. R. APP. P. 21.4(a). Similarly, any amendments to the motion for new trial also must be filed within the same thirty-day period. TEX. R. APP. P. 21.4(b). Filing an affidavit in support of a motion for new trial more than thirty days after sentencing results in an untimely attempt to amend the motion. *See Dugard v. State,* 688 S.W.2d 524, 530 (Tex.Crim.App.1985), *overruled on other grounds by Williams v. State,* 780 S.W.2d 802, 803 (Tex.Crim.App.1989); *Flores v. State,* 18 S.W.3d 796, 798 (Tex.App.-Austin 2000, no pet.). The trial court does not have jurisdiction to rule on an untimely motion or amendment.

According to the record, the trial court signed the judgment and imposed the sentence on July 13, 2006. The record reflects that the thirty-day deadline for filing a motion for new trial fell on a Saturday, which then made the actual deadline for filing Monday, August, 14, 2006. *See* TEX. R. APP. P. 21.4(a); TEX. R. APP. P. 4.1(a). The record contains appellant's signed, verified motion for a new trial that was file-stamped in the district clerk's office with the date of August 15, 2006, one day after the deadline for filing such a motion. *See* TEX. R. APP. P. 21.4(a). Though appellant's trial counsel claims to have filed the motion on August 11, 2006, the only proof of this action is his own unsigned and unverified copy of the motion bearing an August 11, 2006 file stamp. Furthermore, the August 11, 2006 motion was not supported by affidavit. *See Flores,* 18 S.W.3d at 798. The August 11, 2006 motion could not be considered by the trial court because motions neither verified nor supported by affidavits are insufficient as pleadings and fatally defective. *See Dugard,* 688 S.W.2d at 529; *Bearden v. State,* 648 S.W.2d 688, 690 (Tex.Crim.App. 1983).

Appellant's August 15, 2006 motion was untimely if filed as an original motion. *See* TEX. R. APP. P. 21.4(a). If appellant's verified August 15, 2006 motion were considered to be an amended motion, this amended motion was not timely filed either. *See* TEX. R. APP. P. 21.4(b). Notwithstanding appellant's untimely filing of the August 15, 2006 motion, the trial court conducted an evidentiary hearing in which live witness testimony was presented. The trial court was without jurisdiction to conduct the hearing on appellant's motion for new trial. *Drew,* 743 S.W.2d at 223. Because the trial court did not have juris-

diction, this court cannot consider the record created on the motion in assessing appellant's ineffective-assistance-of-counsel claims. *See Morrison v. State*, 132 S.W.3d 37, 48 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd). Without the motion-for-new-trial hearing, the record is silent as to prejudice or deficiency in trial counsel's performance; this court will not speculate as to why trial counsel did or did not do as appellant alleges. *See Jackson*, 877 S.W.2d at 771. Absent evidence in the record, appellant cannot overcome the presumption that counsel's actions amounted to sound trial strategy or otherwise show that appellant's trial counsel was deficient. *See id.; Thompson*, 9 S.W.3d at 813; *Bone*, 77 S.W.3d at 833. Therefore, we overrule appellant's final issue.

The trial court's judgment is affirmed.