Affirmed and Memorandum Opinion
filed May 20, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-01147-CR



William Brian
Van buren, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 180th District Court

Harris County, Texas

Trial Court
Cause No. 1113384



 

M E M O R A N D U M   O P I N I O N


Appellant, William Brian Van Buren, appeals his murder
conviction for which he was sentenced to 15 years in prison.  In his sole
issue, appellant contends that the evidence is factually insufficient to
support the jury’s verdict.  We affirm.

BACKGROUND

On April 18, 2007, Aaron Masters, the complainant,
was shot multiple times during a dice game outside a Houston apartment
complex.  He later died from the gunshot wounds.  Appellant was arrested months
later for the complainant’s death.  Appellant pleaded not guilty and was tried
before a jury.  At appellant’s murder trial, the State presented eyewitness
testimony from Grant Turner, Clifton Nicholson, and Reginald Hutchins.

Grant Turner

Turner, a long-time friend of the complainant,
testified that on the day of the murder, he and a few other individuals,
including appellant, were playing dice and gambling.  Hours into the game,
Turner heard gunshots; he immediately looked around and observed appellant pointing
a gun at the complainant.  Turner observed appellant fire five or six shots at
the complainant.  As appellant was firing the gun, Turner and the other individuals
attempted to hide and flee for safety.  Turner later learned that the complainant
had been fatally shot. 

Clifton Nicholson

Nicholson, a friend of the complainant, testified
that he also participated in the dice game on the day of the complainant’s
murder.  Nicholson testified that during the game, there was a short break wherein
he observed appellant walk to and from his vehicle parked on the street. 
Shortly after appellant returned to the game, he and the complainant laid
larger wages on each play.  On one particular high-stakes play, the complainant
won, and appellant retrieved a gun from his waistband.  As the complainant
attempted to retrieve his winnings, appellant began shooting at the
complainant.  

Nicholson testified that the complainant attempted to
hide behind another person and push appellant off the porch where the game was
being played.  However, the complainant was unsuccessful.  The complainant then
fled to an adjacent field, but he got stuck in mud.  Appellant walked towards
the complainant as he struggled to run away and continued to fire directly at the
complainant.  Appellant then walked calmly to his vehicle and drove away.  

 

 

Reginald Hutchins

Hutchins, another life-long friend of the
complainant, was present during the latter part of the dice game.  During the
game break, Hutchins observed appellant walk to and from his parked vehicle. 
When appellant returned to the porch, Hutchins sat next to appellant, and the
men resumed the game.  Appellant and the complainant were laying larger bets, and
on the last play between appellant and the complainant, the complainant won.  Appellant
tapped Hutchins on his side, signaling Hutchins to move.  Hutchins complied: 
he stepped back and observed appellant retrieve a gun from his clothing. 
Appellant pointed the gun at the complainant, who tried to hide behind another
individual.  Appellant continued to point the gun at the complainant, aiming to
get an accurate shot.  The complainant attempted to wrestle the gun from
appellant, and there was a slight struggle between the two men.  However, the
complainant was unsuccessful, and he attempted to flee by foot.  The complainant
got trapped in mud as he was fleeing; appellant slowly followed the complainant
and fired multiple shots at him.   Appellant then calmly walked to his vehicle
and drove away. 

Murder Weapon And Photo-Spread Identification 

Officer J.C. Padilla of the Houston Police Department
testified that he assisted in the investigation of the complainant’s murder. 
Officer Padilla testified that the murder weapon was not retrieved from the
scene of the murder.  Subsequent investigatory efforts lead officers to the
weapon weeks after the murder: it was recovered at another Houston apartment
complex, miles away from the murder scene.  The State introduced the murder
weapon and the shell casings retrieved from the scene of the murder.  A
ballistics expert testified that the casings retrieved from the scene of the
murder had been fired from the weapon later recovered by law enforcement.  The
State also introduced photo-spread evidence:  Turner and Leroy Butler—also
present during the shooting—positively identified appellant as the shooter in a
photo spread prior to trial.  

The jury ultimately found appellant guilty of murder,
and he was sentenced to 15 years in prison.  On appeal, he challenges the factually
sufficiency of the evidence to support the jury’s verdict.

FACTUAL SUFFICIENCY          

In his sole appellate issue, appellant contends that the evidence is factually
insufficient to sustain the jury’s verdict.[1] 
In a factual sufficiency review, we review all the evidence in a neutral
light, favoring neither party.  Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim. App. 2006).  We then ask (1) whether the evidence supporting the
conviction, although legally sufficient, is nevertheless so weak that the
jury’s verdict seems clearly wrong and manifestly unjust, or (2) whether,
considering the conflicting evidence, the jury’s verdict is against the great
weight and preponderance of the evidence.  Marshall v. State, 210 S.W.3d
618, 625 (Tex. Crim. App. 2006); Watson, 204 S.W.3d at 414–17. 
We cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury’s resolution of that conflict.  Watson,
204 S.W.3d at 417.  If an appellate court determines that the evidence is
factually insufficient, it must explain in exactly what way it perceives the
conflicting evidence greatly to preponderate against conviction.  Id. at
414–17; Rivera-Reyes v. State, 252 S.W.3d 781, 784 (Tex. App.—Houston
[14th Dist.] 2008, no pet.).  The reviewing court’s evaluation should not
intrude upon the factfinder’s role as the sole judge of the weight and
credibility given to any witness’s testimony.  Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000).

Here, appellant challenges the sufficiency of the
evidence to support his murder conviction.  A person commits murder if he
intentionally or knowingly causes the death of an individual or intends to
cause serious bodily injury and commits an act clearly dangerous to human life
that causes the death of an individual.  See Tex. Penal Code Ann. §
19.02(b) (Vernon 2003).  A person acts intentionally, or with intent, with
respect to the nature of his conduct or to a result of his conduct when it is
his conscious objective or desire to engage in the conduct or cause the
result.  Id. § 6.03(a).  A person acts knowingly, or with knowledge,
with respect to the nature of his conduct or to circumstances surrounding his
conduct when he is aware of the nature of his conduct or that the circumstances
exist.  Id. § 6.03(b).  A person acts knowingly, or with knowledge, with
respect to a result of his conduct when he is aware that his conduct is
reasonably certain to cause the result.  Id.

Appellant contends that the evidence is factually
insufficient because: (1) the State’s eyewitnesses gave inconsistent and unreliable
testimony; (2) there was no fingerprint evidence linking appellant to the
murder weapon or shell casings recovered from the murder scene; and (3) the
photo-spread evidence was inconsistent.   While appellant is correct that there
was no fingerprint evidence linking him to the gun and there were a few
inconsistencies in the State’s evidence, there is ample evidence supporting the
jury’s verdict.  Three eyewitnesses—Nicholson, Turner, and Hutchins—testified
that appellant shot the complainant after appellant lost a bet during a dice
game.  Each eyewitness identified appellant at trial as the shooter.  Although
these eyewitnesses were friends of the complainant, the jury was the ultimate
judge of their credibility.  See Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999); see also Bargas v. State, 252 S.W.3d 876,
888 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  Apparently, the jury chose
to believe the eyewitnesses’ testimony identifying appellant as the shooter,
and we must give due deference to the jury’s credibility determinations.  See
Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008) (concluding
that the jury is in the best position to evaluate the witnesses’ credibility
and to weigh the evidence).  

Appellant also contends that each of the eyewitnesses
had different versions of the events surrounding the murder.  However, a jury
is free to accept one version of the facts and to reject another, or to reject
any part of a witness’s testimony.  Penagraph v. State, 623 S.W.2d 341,
343 (Tex. Crim. App. 1981).  Furthermore, a verdict is not manifestly unjust
merely because the jury resolved any conflicting views of the evidence in favor
of the State.  See Cain v. State, 958 S.W.2d 404, 408–09 (Tex. Crim.
App. 1997).     

Appellant further contends that the photo-spread
evidence was insufficient because (1) some of the eyewitnesses were unable to
identify appellant as the shooter, (2) Butler originally was unable to identify
appellant as the shooter, and (3) Turner made the photo-spread identification
just a week before trial.  We cannot order a new trial simply because there are
conflicts in the State’s evidence; such conflicts call for reversal only if
there is insufficient testimony to support the conviction.  See Wyatt
v. State, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000).  Here, both
Butler and Turner identified appellant as the shooter in the photo spread.  Additionally,
three eyewitnesses identified appellant at trial as the shooter.  The evidence
of pre-trial and trial identifications is sufficient to support the jury’s
verdict.   Furthermore, any evidence contrary to these four identifications could
have been disregarded by the jury.  See Mosley v. State, 983 S.W.2d 249,
254 (Tex. Crim. App. 1998) (stating that reconciliation of any conflicts in the
evidence is within the exclusive province of the jury).  

After reviewing all of the evidence in a neutral
light, we cannot conclude that appellant’s murder conviction is clearly wrong
or manifestly unjust or the great weight and preponderance of the evidence
contradicts the jury’s verdict.  Accordingly, we hold 

 

 

 

that the evidence is factually
sufficient to support the judgment of conviction and overrule appellant’s sole
issue.  We affirm the trial court’s judgment.

 

                                                                                    

                                                            /s/                    Adele
Hedges

                                                                                    Chief
Justice

 

 

Panel consists of Chief Justice Hedges
and Justices Anderson and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
Because a factual sufficiency review begins with the presumption that the
evidence supporting the jury’s verdict is legally sufficient, and because
appellant challenges only the factual sufficiency of the evidence, appellant
effectively concedes the evidence is legally sufficient to sustain his
conviction.  See Santellan v. State, 939 S.W.2d 155, 164 (Tex.
Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App.
1996); Newby v. State, 252 S.W.3d 431, 435 n.1 (Tex. App.—Houston [14th
Dist.] 2008, pet. ref’d).