

NUMBER 13-09-00251-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GABINO OCHOA,                                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                                          Appellee.

On appeal from the 24th District Court
of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela**
**Memorandum Opinion by Justice Benavides**

Appellant, Gabino Ochoa, appeals from the revocation of his community supervision. On appeal, Ochoa raises one issue, asserting that the trial court abused its discretion by admitting testimony over hearsay and redundancy objections and that by admitting the testimony, his "constitutional right to a fair sentencing trial was violated." We

affirm.

## I. BACKGROUND

On December 19, 2006, Ochoa pleaded guilty to sexual assault, a second-degree felony. *See* Tex. Penal Code Ann. § 12.33 (Vernon Supp. 2009) (providing the punishment range for second-degree felonies); *id.* § 22.011(f) (Vernon Supp. 2009) (listing sexual assault as a second-degree felony). The trial court deferred adjudication of Ochoa's guilt and placed him on community supervision. *See* Tex. Code of Crim. Proc. Ann. art. 42.12, § 5 (Vernon Supp. 2009). On June 20, 2008, the State filed a motion to adjudicate Ochoa's guilt asserting that he had violated six terms of his community supervision, in that he: (1) committed a federal offense by illegally re-entering the United States; (2) "failed to report to his supervision officer by mail as directed"; (3) failed to pay past-due court costs; (4) failed to pay past-due supervisory fees; (5) "failed to complete a minimum of twelve (12) hours per month of community service restitution"; and (6) failed to make the required payment to Crime Stoppers. Ochoa stipulated to the admission into evidence of his judgment and sentence for the illegal re-entry conviction.

On May 1, 2009, the trial court held a hearing on the State's motion to adjudicate guilt. At the hearing, Ochoa pleaded "true" to each of the alleged violations. During the adjudication of guilt phase, Ochoa testified that he illegally re-entered the United States to work and support his family, that he had a wife who lived in Dallas, and that he was not planning to commit any crimes inside the United States. Ochoa also accepted responsibility for committing the crime of illegal re-entry and for committing the underlying sexual assault.

On cross-examination, Ochoa testified that the person he pleaded guilty to sexually assaulting in 2006 was his wife's sister who had cerebral palsy. After this testimony, the

2

following exchange occurred:

> [State:] Do you remember talking to a probation officer when you were going to be placed on probation and get deported to Mexico?
>
> [Ochoa:] I don't remember too well, because it was very quick.
>
> [State:] Do you remember the probation officer informing you—
>
> [Ochoa:] No.
>
> [Defense Counsel:] I'm going to object to any hearsay statements, your Honor.
>
> [Trial Court:] Overruled.
>
> [State:] Do you remember the probation officer telling you [that] you could report by mail, from Mexico?
>
> [Ochoa:] Yes.
>
> [State:] Did you do that?
>
> [Ochoa:] No.
>
> [State:] Do you remember the probation officer telling you [that] you could do the community service hours at a church?
>
> [Defense Counsel:] Your honor, this is redundant. He's [pleaded] true—
>
> [Trial Court:] Overruled.
>
> [Ochoa:] Yes.
>
> [State:] Did you do that? Did you do any community service hours at a church?
>
> [Ochoa:] No.

The trial court adjudicated Ochoa guilty of the second-degree felony sexual assault and then proceeded to the sentencing phase of the hearing.

During the sentencing phase, the trial court took judicial notice of the pre-sentence investigation report ("PSIR"). *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9; *see also*

3

TEX. R. EVID. 201(g) (noting that in a criminal trial, the "trial court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed"). After taking judicial notice of the PSIR, the trial court asked Ochoa's counsel whether he had anything to present, and he replied, "No, your honor." The trial court read from the PSIR and then noted that "[w]e need to protect individuals like [the disabled victim], that don't have the ability to protect themselves[ ] like other people." The trial court informed Ochoa that it was going to sentence him to nineteen years' confinement, but before sentencing Ochoa, the trial court asked, "Is there any reason why sentence should not be imposed?" Ochoa's counsel responded, "No—subject to my preserving error on appeal. Nineteen years is excessive." The trial court stated that "[i]t's less than the maximum" and then sentenced Ochoa to nineteen years' confinement and assessed a $1,000 fine and court costs. This appeal ensued.

## II. WAIVER

Before we address the substance of Ochoa's appellate complaint, we must first determine whether he preserved the right to raise the second part of his appellate issue: whether the trial court's actions violated his right to a fair sentencing trial. To preserve a complaint for appellate review, the appellant must have made a timely, specific objection and obtained a ruling by the trial court. See TEX. R. APP. P. 33.1.

In the case before us, Ochoa objected based upon hearsay and redundancy, yet his only objection during the punishment phase was that the punishment was "excessive." In fact, prior to sentencing Ochoa, the trial court asked, "Is there any reason why [the sentence of nineteen years] should not be imposed?" Ochoa's counsel replied, "No—subject to my preserving error on appeal. Nineteen years is excessive." Ochoa did

4

not object to the trial court's prior ruling regarding the alleged hearsay and redundant evidence. *See id.* Ochoa fails to direct us to any place in the record where he objected to the complained-of questions on the grounds that the trial court's considering such evidence in assessing punishment would violate his "constitutional right to a fair sentencing trial." Therefore, to the extent that Ochoa complains that the trial court erred in admitting or considering the evidence because doing so violates his fair sentencing trial rights, we conclude that Ochoa has failed to preserve such an issue for our review. *See Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004) (noting that constitutional rights may be waived by failure to comply with rule 33.1); *Eddie v. State*, 100 S.W.3d 437, 440 (Tex. App.–Texarkana 2003, pet. ref'd) (holding that even due process rights can be waived by failure to object).

## III. ADMISSION OF EVIDENCE

Ochoa argues that the trial court erred in allowing the prosecutor to ask the previously-described questions and that the erroneously admitted questions were considered by the trial court, which "adversely affected [its] ability to determine a proper sentence." Ochoa prays that this Court "vacate, overrule, or reverse the sentence in this case and order a new trial." For the following reasons, we decline to do so.

### A. Standard of Review and Applicable Law

We utilize the abuse of discretion standard of review to determine whether a trial court erred in admitting evidence. *See Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). Even if the trial court erred in admitting the evidence, a reversal is required only if the error affected Ochoa's substantial rights. *See* TEX. R. APP. P. 44.2; *Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005) ("The Rule 44.2(b) harm standard

5

is whether the error in admitting the evidence 'had a substantial and injurious effect or influence in determining the jury's verdict.'"). "Such error is harmless if the reviewing court, after examining the record as a whole, is reasonably assured the error did not influence the jury verdict or had but slight effect." *Rivera-Reyes v. State*, 252 S.W.3d 781, 787 (Tex. App.–Houston [14th Dist.] 2008, no pet.) (citing *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

**B.  Discussion**

Assuming, without deciding, that the complained-of questions were hearsay and redundant as Ochoa contends, we are "reasonably assured that the error did not influence the [trial court's decision] or had but slight effect." *Id.*

Ochoa initially pleaded guilty to sexually assaulting his sister-in-law and was placed on deferred adjudication community supervision.  At the hearing on the State's motion to adjudicate guilt, Ochoa pleaded "true" to the allegations raised in the State's motion, including to the allegations that he failed to report by mail and that he failed to complete the required community service hours.  During the punishment phase, the trial court noted that the victim in the underlying sexual assault case had a "disability," that she told Ochoa to stop "several times," and that he did not stop.  The trial court further stated, "I'm sorry that you have chosen not to follow the rules and stay in Mexico and report by mail, as you were supposed to."  The trial court then reemphasized that the underlying sexual assault is a "serious offense."

The maximum sentence the trial court may have assessed is twenty years' imprisonment.  *See* TEX. PENAL CODE ANN. § 12.33 (Vernon Supp. 2009); *id.* § 22.011(f). Ochoa was sentenced to nineteen years' imprisonment.  There is no evidence in the record

before us, and Ochoa does not direct us to any, to indicate that the objected-to questions "had a substantial and injurious effect or influence in determining" the punishment assessed by the trial court. *See Hernandez*, 176 S.W.3d at 824. In his brief to this Court, Ochoa does not demonstrate that the trial court actually considered the hearsay and redundant testimony. *See* TEX. R. APP. P. 38.1(i). In light of the trial court's emphasis that the underlying sexual assault was a "serious offense," its sentencing Ochoa to less than the maximum allowed, and Ochoa's pleas of "true," we are assured that the hearsay statement that Ochoa's probation officer told him he can report by mail from Mexico and the redundant statement that Ochoa's probation officer informed him that he could perform his community service hours by attending church had a very slight, if any, effect upon the trial court's sentence. *See Rivera-Reyes*, 252 S.W.3d at 787. Therefore, we conclude that the error, if any, was harmless. *Id.* Ochoa's single appellate issue is overruled.

## IV. CONCLUSION

Having overruled Ochoa's appellate issue, we affirm the decision of the trial court.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of July, 2010.

7