NUMBER 13-09-00251-CR


 

COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


GABINO OCHOA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 24th District Court


 of Victoria County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Benavides, and Vela


Memorandum Opinion by Justice Benavides



 Appellant, Gabino Ochoa, appeals from the revocation of his community
supervision. On appeal, Ochoa raises one issue, asserting that the trial court abused its
discretion by admitting testimony over hearsay and redundancy objections and that by
admitting the testimony, his "constitutional right to a fair sentencing trial was violated." We
affirm.

I. Background

 On December 19, 2006, Ochoa pleaded guilty to sexual assault, a second-degree
felony. See Tex. Penal Code Ann. § 12.33 (Vernon Supp. 2009) (providing the
punishment range for second-degree felonies); id. § 22.011(f) (Vernon Supp. 2009) (listing
sexual assault as a second-degree felony). The trial court deferred adjudication of
Ochoa's guilt and placed him on community supervision. See Tex. Code of Crim. Proc.
Ann. art. 42.12, § 5 (Vernon Supp. 2009). On June 20, 2008, the State filed a motion to
adjudicate Ochoa's guilt asserting that he had violated six terms of his community
supervision, in that he: (1) committed a federal offense by illegally re-entering the United
States; (2) "failed to report to his supervision officer by mail as directed"; (3) failed to pay
past-due court costs; (4) failed to pay past-due supervisory fees; (5) "failed to complete a
minimum of twelve (12) hours per month of community service restitution"; and (6) failed
to make the required payment to Crime Stoppers. Ochoa stipulated to the admission into
evidence of his judgment and sentence for the illegal re-entry conviction.

 On May 1, 2009, the trial court held a hearing on the State's motion to adjudicate
guilt. At the hearing, Ochoa pleaded "true" to each of the alleged violations. During the
adjudication of guilt phase, Ochoa testified that he illegally re-entered the United States to
work and support his family, that he had a wife who lived in Dallas, and that he was not
planning to commit any crimes inside the United States. Ochoa also accepted
responsibility for committing the crime of illegal re-entry and for committing the underlying
sexual assault.

 On cross-examination, Ochoa testified that the person he pleaded guilty to sexually
assaulting in 2006 was his wife's sister who had cerebral palsy. After this testimony, the
following exchange occurred:

 [State:] Do you remember talking to a probation officer when you were
going to be placed on probation and get deported to Mexico?

 

 [Ochoa:] I don't remember too well, because it was very quick.

 

 [State:] Do you remember the probation officer informing you--

 

 [Ochoa:] No.

 

 [Defense Counsel:] I'm going to object to any hearsay statements, your
Honor.

 

 [Trial Court:] Overruled.

 

 [State:] Do you remember the probation officer telling you [that] you
could report by mail, from Mexico?

 

 [Ochoa:] Yes.

 

 [State:] Did you do that?

 

 [Ochoa:] No.

 

 [State:] Do you remember the probation officer telling you [that] you
could do the community service hours at a church?

 

 [Defense Counsel:] Your honor, this is redundant. He's [pleaded] true--

 

 [Trial Court:] Overruled.

 

 [Ochoa:] Yes.

 

 [State:] Did you do that? Did you do any community service hours at
a church?

 

 [Ochoa:] No.


The trial court adjudicated Ochoa guilty of the second-degree felony sexual assault and
then proceeded to the sentencing phase of the hearing. 

 During the sentencing phase, the trial court took judicial notice of the pre-sentence
investigation report ("PSIR"). See Tex. Code Crim. Proc. Ann. art. 42.12, § 9; see also
Tex. R. Evid. 201(g) (noting that in a criminal trial, the "trial court shall instruct the jury that
it may, but is not required to, accept as conclusive any fact judicially noticed"). After taking
judicial notice of the PSIR, the trial court asked Ochoa's counsel whether he had anything
to present, and he replied, "No, your honor." The trial court read from the PSIR and then
noted that "[w]e need to protect individuals like [the disabled victim], that don't have the
ability to protect themselves[ ] like other people." The trial court informed Ochoa that it was
going to sentence him to nineteen years' confinement, but before sentencing Ochoa, the
trial court asked, "Is there any reason why sentence should not be imposed?" Ochoa's
counsel responded, "No--subject to my preserving error on appeal. Nineteen years is
excessive." The trial court stated that "[i]t's less than the maximum" and then sentenced
Ochoa to nineteen years' confinement and assessed a $1,000 fine and court costs. This
appeal ensued. 

II. Waiver

 Before we address the substance of Ochoa's appellate complaint, we must first
determine whether he preserved the right to raise the second part of his appellate issue: 
whether the trial court's actions violated his right to a fair sentencing trial. To preserve a
complaint for appellate review, the appellant must have made a timely, specific objection
and obtained a ruling by the trial court. See Tex. R. App. P. 33.1. 

 In the case before us, Ochoa objected based upon hearsay and redundancy, yet
his only objection during the punishment phase was that the punishment was "excessive." 
In fact, prior to sentencing Ochoa, the trial court asked, "Is there any reason why [the
sentence of nineteen years] should not be imposed?" Ochoa's counsel replied,
"No--subject to my preserving error on appeal. Nineteen years is excessive." Ochoa did
not object to the trial court's prior ruling regarding the alleged hearsay and redundant
evidence. See id. Ochoa fails to direct us to any place in the record where he objected
to the complained-of questions on the grounds that the trial court's considering such
evidence in assessing punishment would violate his "constitutional right to a fair sentencing
trial." Therefore, to the extent that Ochoa complains that the trial court erred in admitting
or considering the evidence because doing so violates his fair sentencing trial rights, we
conclude that Ochoa has failed to preserve such an issue for our review. See Mendez v.
State, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004) (noting that constitutional rights may
be waived by failure to comply with rule 33.1); Eddie v. State, 100 S.W.3d 437, 440 (Tex.
App.-Texarkana 2003, pet. ref'd) (holding that even due process rights can be waived by
failure to object).

III. Admission of Evidence

 Ochoa argues that the trial court erred in allowing the prosecutor to ask the
previously-described questions and that the erroneously admitted questions were
considered by the trial court, which "adversely affected [its] ability to determine a proper
sentence." Ochoa prays that this Court "vacate, overrule, or reverse the sentence in this
case and order a new trial." For the following reasons, we decline to do so.

A. Standard of Review and Applicable Law

 We utilize the abuse of discretion standard of review to determine whether a trial
court erred in admitting evidence. See Oprean v. State, 201 S.W.3d 724, 726 (Tex. Crim.
App. 2006). Even if the trial court erred in admitting the evidence, a reversal is required
only if the error affected Ochoa's substantial rights. See Tex. R. App. P. 44.2; Hernandez
v. State, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005) ("The Rule 44.2(b) harm standard
is whether the error in admitting the evidence 'had a substantial and injurious effect or
influence in determining the jury's verdict.'"). "Such error is harmless if the reviewing court,
after examining the record as a whole, is reasonably assured the error did not influence the
jury verdict or had but slight effect." Rivera-Reyes v. State, 252 S.W.3d 781, 787 (Tex.
App.-Houston [14th Dist.] 2008, no pet.) (citing Johnson v. State, 967 S.W.2d 410, 417
(Tex. Crim. App. 1998)).

B. Discussion 

 Assuming, without deciding, that the complained-of questions were hearsay and
redundant as Ochoa contends, we are "reasonably assured that the error did not influence
the [trial court's decision] or had but slight effect." Id.

 Ochoa initially pleaded guilty to sexually assaulting his sister-in-law and was placed
on deferred adjudication community supervision. At the hearing on the State's motion to
adjudicate guilt, Ochoa pleaded "true" to the allegations raised in the State's motion,
including to the allegations that he failed to report by mail and that he failed to complete
the required community service hours. During the punishment phase, the trial court noted
that the victim in the underlying sexual assault case had a "disability," that she told Ochoa
to stop "several times," and that he did not stop. The trial court further stated, "I'm sorry
that you have chosen not to follow the rules and stay in Mexico and report by mail, as you
were supposed to." The trial court then reemphasized that the underlying sexual assault
is a "serious offense." 

 The maximum sentence the trial court may have assessed is twenty years'
imprisonment. See Tex. Penal Code Ann. § 12.33 (Vernon Supp. 2009); id. § 22.011(f). 
Ochoa was sentenced to nineteen years' imprisonment. There is no evidence in the record
before us, and Ochoa does not direct us to any, to indicate that the objected-to questions
"had a substantial and injurious effect or influence in determining" the punishment
assessed by the trial court. See Hernandez, 176 S.W.3d at 824. In his brief to this Court,
Ochoa does not demonstrate that the trial court actually considered the hearsay and
redundant testimony. See Tex. R. App. P. 38.1(i). In light of the trial court's emphasis that
the underlying sexual assault was a "serious offense," its sentencing Ochoa to less than
the maximum allowed, and Ochoa's pleas of "true," we are assured that the hearsay
statement that Ochoa's probation officer told him he can report by mail from Mexico and
the redundant statement that Ochoa's probation officer informed him that he could perform
his community service hours by attending church had a very slight, if any, effect upon the
trial court's sentence. See Rivera-Reyes, 252 S.W.3d at 787. Therefore, we conclude that
the error, if any, was harmless. Id. Ochoa's single appellate issue is overruled.

IV. Conclusion

 Having overruled Ochoa's appellate issue, we affirm the decision of the trial court.



 __________________________

 GINA M. BENAVIDES,

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the

8th day of July, 2010.