Affirmed and Memorandum Opinion
filed July 15, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00292-CR



Christopher Ray
Barten, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 232nd District Court

Harris County, Texas

Trial Court
Cause No. 1111900



 

M E M O R A N D U M    O P I N I O N


Appellant, Christopher Ray Barten, was convicted by a
jury of sexual assault of a child.  Finding true an enhancement paragraph alleging
a prior sexual assault conviction, the trial court sentenced appellant to life
in prison.  In his sole issue, appellant contends that he received ineffective
assistance of counsel because his trial attorney failed to make a timely
objection to inadmissible opinion testimony.  We affirm.

BACKGROUND

On July 9, 2007, appellant was indicted for the
felony offense of sexual assault of a child, age 14.  The indictment also
alleged a previous conviction for sexual assault of a child for enhancement
purposes.  Appellant entered a plea of not guilty to the charged offense and a
plea of not true to the enhancement allegation.  At trial, the complainant
described the assault.  The complainant’s brother, to whom the first outcry was
made, also testified at trial.  The brother testified that the complainant had confided
in him regarding the sexual assault. When asked by the State, the brother told
the jury that he believed the complainant’s story about the assault.  Only after
did defense counsel object to the brother’s statement as improper.  The trial
court overruled counsel’s objection as untimely.  

After hearing additional testimony from the two
investigating officers and a clinical psychologist at the Children’s Assessment
Center, the jury convicted appellant of sexual assault of a child as charged in
the indictment.  The trial court found the indictment’s enhancement allegation
true, enhanced appellant’s punishment, and sentenced him to life in prison. 
Appellant now challenges his conviction, claiming that he was denied effective
assistance of counsel because trial counsel failed to make a timely objection
to the opinion testimony of the complainant’s brother.  

INEFFECTIVE ASSISTANCE

To prove ineffective assistance of counsel, appellant must demonstrate that: (1) his counsel’s performance was deficient because it
fell below an objective standard of reasonableness; and (2) there was a
reasonable probability that, but for counsel’s errors, the result of the proceeding
would have been different.  Strickland v. Washington, 466 U.S. 668, 687
(1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). 

There is a strong presumption that counsel’s conduct
fell within the wide range of reasonable professional assistance, and we will
sustain allegations of ineffectiveness only if they are firmly founded in the
record.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
We also indulge a strong presumption that counsel’s actions were motivated by
sound trial strategy, and we will not conclude that the action was deficient
unless it was so outrageous that no competent attorney would have engaged in such
conduct.  Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). 
We look to the totality of the representation and not to isolated instances of
error or to only a portion of the proceedings.  Thompson, 9 S.W.3d at
813; Rivera-Reyes v. State, 252 S.W.3d 781, 788–89 (Tex. App.—Houston
[14th Dist.] 2008, no pet.).  In the absence of evidence regarding counsel’s
reasons for the challenged conduct, the record on direct appeal is simply
undeveloped and cannot adequately reflect the alleged failings of trial
counsel.  Freeman v. State, 125 S.W.3d 505, 506–507 (Tex. Crim. App.
2003).  

Here, appellant contends that his counsel’s
performance was deficient based on the untimely objection to the brother’s
opinion testimony validating the complainant’s claim of sexual assault.  But,
because the record is completely silent regarding trial counsel’s reasons for
not asserting a quicker objection to the State’s elicited testimony, we cannot
speculate that counsel acted without reasonable trial strategy.  See Mata v.
State, 226 S.W.3d 425, 430–32 (Tex. Crim. App. 2007).  Possibly, trial
counsel could have not anticipated the elicited testimony or believed that in
light of the preceding questions, the brother’s response would have been
favorable to the defense.  At trial, the complainant’s brother testified as
follows:    

The State:  Did she [the complainant] tell lies
about small things?

Complainant’s brother:  Yes.

The State:  Like what?

Complainant’s brother:  Like not going to school,
doing chores, little things like that.

The State:  So she would tell lies to stay out of
trouble?

Complainant’s brother:  Yes.

The State:  Do you believe that your sister was
sexually assaulted?

Complainant’s brother:  Yes.

The State:  Pass the witness

Defense Counsel: Your Honor, I object to the
question and the response.  Improper.

The Court:  It’s an untimely objection.

Trial counsel reasonably may have not anticipated that
the State would elicit testimony validating the truthfulness of the
complainant’s sexual assault allegations after the brother had acknowledged the
complainant’s history of lying.  Furthermore, because the brother acknowledged
the complainant’s history of lying, trial counsel may have believed that the
brother’s response would have been favorable.  Thus, we cannot determine
whether the alleged failure was strategy or incompetency.  Because the record
is silent, appellant cannot overcome the strong presumption that counsel’s
performance was competent.  See Thompson, 9 S.W.3d at 814 (reversing
ineffective assistance finding because the record did not reveal why counsel
failed to object to the State’s attempts to elicit inadmissible hearsay).  Appellant
has not established the first Strickland prong that counsel’s
performance fell below an objective standard of reasonableness.  Accordingly,
we overrule appellant’s sole issue and affirm the trial court’s judgment.

 








                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

Panel consists of Chief Justice Hedges
and Justices Anderson and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).