NO. 07-10-00469-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 16, 2011

SHAWN SHAFFER BAXTER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 31ST DISTRICT COURT OF ROBERTS COUNTY;

NO. 715; HONORABLE BRYAN POFF, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Over his plea of not guilty, a jury found appellant Shawn Shaffer Baxter guilty of aggravated sexual assault of a child and assessed punishment at life imprisonment. In his sole issue, appellant contends the evidence was insufficient to support his conviction because the State failed to prove beyond a reasonable doubt the complainant was not his spouse. We affirm.

Background

Appellant was charged by a two-count indictment with aggravated sexual assault of a child.[1]  The indictment charged him with intentionally or knowingly causing the penetration of the sexual organ of the complainant, a child who was then and there younger than 14 years of age and not the spouse of the defendant, by the defendant's tongue and finger.  As to the count alleging penetration by appellant's tongue, the trial court granted appellant's motion for directed verdict at the close of the State's case.  He was convicted of the other count.

The complainant was six years old at the time of the offense and eight at trial.  She testified appellant babysat her while her mother was at work.  She told the jury appellant touched her "private spots."  She also said he touched her in "bad spots," which she agreed were between her legs in front.  The State also presented the testimony of the complainant's mother, a sexual assault nurse examiner, and an expert in sexual abuse of children.

Analysis

The events leading to appellant's conviction occurred in October 2008.  At that time, the Penal Code defined a "child" for purposes of sexual assault cases as a person younger than 17 years of age and not the spouse of the actor.  Tex. Penal Code Ann. § 22.011(c)(1) (West 2008) (current version at Tex. Penal Code Ann. § 22.011(c)(1)

---

[1] Tex. Penal Code Ann. § 22.021 (West 2010). This is a first degree felony punishable by imprisonment for life or for any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.32 (West 2010).

(West 2011)). The definition was amended, effective September 1, 2009, to delete the "not the spouse" aspect, but the prior version applies to offenses committed before that date. *Id.*

In his sole issue on appeal, appellant contends the State failed to prove that the complainant was not his spouse. *See Strahan v. State,* 306 S.W.3d 342, 349 (Tex.App.—Fort Worth 2010, pet. ref'd); *Martin v. State,* 819 S.W.2d 552, 556 (Tex.App.—San Antonio 1991, no pet.) (both addressing similar contention). We find the issue meritless.

Evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Brooks v. State,* 323 S.W.3d 893, 894 (Tex.Crim.App. 2010), (*citing Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979))*; Laster v. State*, 275 S.W.3d 512, 517 (Tex.Crim.App. 2009). The standard recognizes the duty of the fact finder "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007) (*quoting Jackson*, 443 U.S. at 319). On review, an appellate court determines whether the necessary inferences are reasonable based on the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Clayton*, 235 S.W.3d at 778 (*citing Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007)). In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone

can be sufficient to establish guilt. *Id.* (*citing Hooper*, 214 S.W.3d at 13). An appellate court presumes that the fact finder resolved any conflicting inferences in favor of the verdict and defers to that resolution. *See Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

In the sexual assault statute, "spouse" means a person legally married to another. Tex. Penal Code Ann. § 22.011(c)(2) (West 2011). There is no evidence directly showing whether the complainant was, or was not, legally married to appellant. But this is not an instance in which the jury was required to choose between conflicting inferences properly drawn from the evidence. There is no evidence from which the jury reasonably could have drawn an inference the six-year-old complainant was appellant's wife. *See Strahan*, 306 S.W.3d at 349 (on similar facts, finding evidence supported no inference other than that required for guilt). And rather clearly there are basic facts shown from which the jury reasonably could have inferred the ultimate fact that the complainant was not appellant's wife.

The basic facts begin with the age of the complainant, six years at the time of the offense. Her very young age allowed the jury to infer she was not legally married to appellant. *Chavez v. State,* 508 S.W.2d 384, 386-87 (Tex.Crim.App. 1974); *Rivera-Reyes v. State,* 252 S.W.3d 781, 787-88 (Tex.App.—Houston [14th Dist.] 2008, no pet.); *Vann v. State*, No. 05-10-0451-CR, 2011 Tex. App. Lexis 3417, *8 n.3 (Tex.App.—Dallas May 6, 2011, no pet.) (mem. op., not designated for publication).

The complainant's mother also testified she hired appellant to babysit her children, including the complainant, and that she was "livid" when she learned of his

4

sexual contact with her daughter. The evidence that appellant's status was that of a hired babysitter, a status inconsistent with a marital relationship, also supports the conclusion he was not married to the complainant. *See, e.g., Martin,* 819 S.W.2d at 556 (testimony that defendant babysat complainant and her siblings, coupled with testimony of the child's age, sufficient to establish complainant was not the spouse of defendant). The complainant's mother's reaction further supports the conclusion appellant was not married to the complainant.

Finally, the complainant testified appellant was her mother's boyfriend. Although other evidence shows the complainant was mistaken, and appellant was not her mother's boyfriend, the jury reasonably could have seen the complainant's belief as inconsistent with a spousal relationship between the complainant and appellant.

This evidence, though circumstantial, is sufficient to permit a rational jury to conclude, beyond a reasonable doubt, that the complainant was not appellant's spouse. Accordingly, we overrule appellant's issue and affirm the trial court's judgment.

James T. Campbell
Justice

Do not publish.

5