Affirmed and Memorandum Opinion
filed August 5, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00622-CR



Gilbert Ray
Castillo, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 176th District Court

Harris County, Texas

Trial Court
Cause No. 1152980



 

M E M O R A N D U M   O P I N I O N


Appellant was sentenced to 30 years confinement for
his conviction of indecency with a child.   In two issues, appellant contends
that the evidence is factually insufficient to support his conviction.  We affirm.

BACKGROUND

In early 2008, the complainant, NAC, made an outcry
of inappropriate touching to her grandmother.  NAC told her grandmother that while
she, NAC, was sleeping at her father’s house, someone picked her up from the
couch on which she was sleeping, told her she was pretty, and unzipped her
pants.  As NAC made the outcry to her grandmother, she wept, almost
uncontrollably, and was unable to finish the account.  The grandmother told
NAC’s mother, Crystal Arriaga, who in turn called Child Protective Services.

Claudia Mullin, a forensic interviewer for the Harris
County Children’s Assessment Center (“CAC”), interviewed NAC, her mother, and
grandmother.  NAC was seven years old at the time.  NAC initially denied any
inappropriate touching or abuse.  However, when Mullin asked NAC about her
grandmother, NAC seemed anxious to talk with Mullin.  NAC gradually recounted
her previous outcry, with more details, to Mullin.  NAC told Mullin that NAC’s uncle,
her father’s brother, had inappropriately touched her while she was visiting
her father at Christmastime.   NAC indicated that she had fallen asleep on a
couch in the living room.  In the middle of the night, appellant picked up NAC
from the couch and carried her to one of the bedrooms.  As appellant carried
NAC to the bedroom, NAC woke up.  Appellant unbuttoned NAC’s pants and touched her
vaginal area and squeezed her anus, outside the clothing.  NAC’s father and
step-mother were asleep in an adjacent bedroom during the incident.  

After the CAC interviews, Officer Albert Galvan of
the Pasadena Police Department began to investigate NAC’s allegations.  Because
NAC indicated that her uncle was the perpetrator, Office Galvan first
investigated the brother of NAC’s father.  After using a photo spread that included
the father’s brother, Officer Galvan ruled the brother out as the perpetrator. 
Officer Galvan’s investigation soon revealed that NAC and her sister, AC,
referred to appellant, the father’s cousin, as “uncle.”  Officer Galvan then
generated a photo spread with appellant; NAC identified appellant as her uncle
and the perpetrator.  Based on the forensic interviews and NAC’s photo spread
identification of appellant, Officer Galvan concluded that appellant was the
perpetrator.  

Appellant was charged by indictment with indecency
with a child by touching.  The indictment also contained two enhancement
allegations for purposes of punishment.  Appellant pleaded true to the
enhancement allegations, but pleaded not guilty to the indecency charge.  He also
elected for a jury determination on guilt or innocence.  

At trial, the grandmother and Mullin recounted NAC’s
outcry.  Officer Galvan testified regarding his investigation into the
allegations.   NAC testified that her uncle touched her vaginal area and anus while
she was visiting her father during the Christmas holiday.  Specifically, NAC
testified that she and her sister fell asleep on the couch in the living room. 
But later that night, appellant carried NAC to the bedroom.  The next morning,
NAC woke up in the bedroom.  Appellant started kissing her.  He touched NAC on
her back, “bottom,” “front part,” and hip.  Appellant also squeezed NAC’s anus.
Appellant unbuttoned NAC’s shorts.  NAC buttoned her shorts back and then left
the bedroom.  NAC testified that she was unsure of appellant’s exact relationship
with her father but identified appellant in court as the perpetrator.  

Appellant and NAC’s father testified for the defense.
NAC’s father testified that in his opinion, NAC had fabricated the allegations.
 Appellant denied the allegations.  The jury ultimately found appellant guilty
of the charged offense.  His punishment, enhanced by two prior felony
convictions, was assessed at 30 years in prison.  In two issues, appellant
contends that the evidence is factually insufficient to support the jury’s
verdict. 

FACTUAL SUFFICIENCY[1]        

In a factual sufficiency review, we review all the
evidence in a neutral light, favoring neither party.  Watson v. State,
204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  We then ask (1) whether the
evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the jury’s verdict seems clearly wrong and manifestly
unjust, or (2) whether, considering the conflicting evidence, the jury’s
verdict is against the great weight and preponderance of the evidence.  Marshall
v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006); Watson, 204
S.W.3d at 414–17.  We cannot declare that a conflict in the evidence justifies
a new trial simply because we disagree with the jury’s resolution of that
conflict.  Watson, 204 S.W.3d at 417.  If an appellate court determines
that the evidence is factually insufficient, it must explain in exactly what
way it perceives the conflicting evidence greatly to preponderate against
conviction.  Id. at 414–17; Rivera-Reyes v. State, 252 S.W.3d
781, 784 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  The reviewing court’s
evaluation should not intrude upon the factfinder’s role as the sole judge of
the weight and credibility given to any witness’s testimony.  Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

A person commits indecency with a child if he engages
in sexual contact with a child younger than 17 years of age who is not that
person’s spouse.  Tex. Penal Code Ann. § 21.11(a)(1), (b)(1), (b-1). (Vernon
Supp. 2009).  Sexual contact is “any touching by a person, including touching
through clothing, of the anus, breast, or any part of the genitals of a child.” 
Id. § 21.11(c)(1).  The uncorroborated testimony of a child victim alone
is sufficient to support a conviction for indecency with a child.  Code Crim.
Proc. Ann. art. 38.07 (Vernon 2005).  

At trial, NAC testified that appellant touched her
anus and vaginal area over her clothes while visiting her father around
Christmas.  In the recorded interview with Mullin, which was played during the
guilt-innocence proceeding, NAC further described appellant’s inappropriate
contact with her anus and vaginal area.  Thus, NAC’s testimony alone was
sufficient to support appellant’s conviction.  See id.  Nevertheless,
appellant claims that the evidence is factually insufficient because: (1) NAC’s
identification of appellant was not credible, and NAC had motive to lie; (2)
NAC’s interview statements were general—lacking specificity of the incident—and
confusing; and (3) NAC’s version of how the contact occurred was not plausible.

With respect to identification, appellant contends
that NAC did not identify him as the perpetrator during the interview with
Mullin.  Appellant is correct that NAC did not identify appellant by name or proper
familial status—her father’s cousin.  However, Mullin testified that it was
common for a child of NAC’s age to not have a firm understanding of familial
relationships.  Moreover, NAC and her sister customarily referred to appellant
as their uncle, not their father’s cousin.  More importantly, NAC identified
appellant in a photo spread and at trial as the person who made the
inappropriate contact.  Any determinations of credibility or reconciliation of
conflicts in the evidence regarding identification were reserved for the jury. 
See Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999); see
also Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).

Appellant additionally contends that the family
turmoil surrounding the divorce of NAC’s parents was evidence of motive and
bias.  In contrast, Detective Galvan testified that he detected no motive in
his investigation into the indecency allegations.  Despite appellant’s
encouragement, we will not reweigh the credibility of these witnesses.  The
jury was the ultimate judge of their credibility.  See Fuentes, 991
S.W.2d at 271; see also Bargas v. State, 252 S.W.3d 876, 888
(Tex. App.—Houston [14th Dist.] 2008, no pet.).  Apparently, the jury chose to
believe NAC and Detective Galvan, and we must give due deference to the jury’s
credibility determinations.  See Lancon, 253 S.W.3d at 705 (concluding
that the jury is in the best position to evaluate the witnesses’ credibility
and to weigh the evidence).  And while there were some inconsistencies in NAC’s
recorded statement and her trial testimony—the touching occurred at night, in
one statement, and in the morning, in the other statement—the jury was free to
accept one version of the facts and to reject another, or to reject any part of
NAC’s statements.  See Mosley v. State, 983 S.W.2d 249, 254 (Tex.
Crim. App. 1998) (stating that reconciliation of any conflicts in the evidence
is within the exclusive province of the jury); see also Penagraph v.
State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981).   The jury’s verdict in
this case was not manifestly unjust merely because it resolved conflicting
views of the evidence in favor of the State.  See Cain v. State, 958
S.W.2d 404, 408–09 (Tex. Crim. App. 1997).  We cannot order a new trial simply
because there were conflicts in the State’s evidence; such conflicts call for
reversal only if there was insufficient testimony to support the conviction.  See
Wyatt v. State, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000).  

Appellant also claims that NAC’s version was not
plausible because the room in which the inappropriate contact occurred was
adjacent to a room occupied by NAC’s father and step-mother.  However,
appellant does not explain how the father’s close proximity to the room in
which the contact occurred rendered NAC’s account implausible.  

After reviewing all of the evidence in a neutral
light, we cannot conclude that appellant’s indecency with a child conviction is
clearly wrong or manifestly unjust or that the great weight and preponderance
of the evidence contradicts the jury’s verdict.  Accordingly, we overrule both
of appellant sufficiency points and affirm the trial court’s judgment.

  








                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Yates and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Because a factual sufficiency review begins with the presumption that the
evidence supporting the jury’s verdict is legally sufficient, and because
appellant challenges only the factual sufficiency of the evidence, appellant
effectively concedes the evidence is legally sufficient to sustain his
conviction.  See Santellan v. State, 939 S.W.2d 155, 164 (Tex.
Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App.
1996); Newby v. State, 252 S.W.3d 431, 435 n.1 (Tex. App.—Houston [14th
Dist.] 2008, pet. ref’d).