**Affirm and Memorandum Opinion filed May 17, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-01024-CR

### DARRELL KING JEFFERSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1439514**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Darrell King Jefferson of aggravated assault of a family member. The trial court sentenced appellant to confinement for 37 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal from that judgment. In his sole issue on appeal, appellant claims the trial court erred in admitting into evidence medical records allegedly containing inadmissible hearsay. We affirm.

## BACKGROUND

In the early evening on March 10, 2013, the complainant[1] called 911 dispatch three times, complaining of appellant, with whom she had a personal relationship: (1) first, to advise that appellant had entered her home without permission and tried to break her phone; however, she cancelled dispatch because he was leaving the house; (2) next, to notify that appellant had assaulted her and to request police assistance; the call was disrupted by screams and ended abruptly; and (3) lastly, to report that appellant had beaten her with a hammer and to request police and ambulance assistance. The complainant provided 911 dispatch with a physical description of appellant and his clothing.

In response to the complainant's second 911 call, Officer Justin Wallace, with the Houston Police Department, was dispatched to respond to a family disturbance call at the complainant's house. Officer Wallace arrived at the residence within three minutes of the complainant's second call. He saw appellant standing near the front door and walking toward the road. Appellant's physical appearance matched the description of the suspect provided by the complainant in her second and third telephone calls to 911. Officer Wallace detained appellant and placed him in the back of his patrol car.

At that time, the complainant came out of the house crying and holding the back of her head. Officer Wallace observed lacerations on the back portion of the complainant's head as well as blood soaking into her hair and streaming down her neck. The complainant repeatedly stated, "He hit me, he hit me with a hammer, he hit me, he hit me." Officer Wallace also spoke with a witness to the assault, the complainant's mother. She told Officer Wallace that the complainant and

---

[1] We have redacted personally-identifying information of the complainant of family violence. *See* Tex. Code Crim. Proc. Ann. art. 57B.03(a) (West 2014).

appellant had argued and the complainant had locked herself in her mother's room. Appellant kicked open the door and began striking the complainant with a hammer.

Clayton Angleton, a City of Houston firefighter and certified emergency medical technician, arrived at the complainant's house shortly after the police. He observed a gash in the back of the complainant's head and blood in her hair and on her neck. When Angleton questioned the complainant how it happened and who did it, the complainant responded that her boyfriend struck her with a hammer. Angleton prepared a Patient Care Report and noted in the "narrative" section of his report a synopsis of his observations at the scene.

> E26 [Engine 26] aostf [arrived on the scene to find] HPD on location with 24 yo [year-old] female assaulted by boyfriend with a hammer...."

An ambulance transported the complainant to the hospital for further evaluation. At the hospital, the complainant was treated in the emergency room and hospital medical records document "history or present illness," as:

> Chief Complaint. REPORTED PHYSICAL ASSAULT. Location of injuries – head and left arm. This occurred today Pt sts that she was assaulted by her husband with a hammer.

A left arm contusion and multiple abrasions also were observed. In a review of her systems, neurologically, it was noted that the complainant was fully oriented, with no motor deficit, but was "tearful and very upset, states she does not want to go back to her home, however her husband was taken into custody."

While at the hospital, Rachel Bryant, a forensic nurse,[2] examined the complainant, documenting her observations as well as statements made by the

---

[2] Bryant described a forensic nurse as a "specialized nurse who's trained to care for patients with interpersonal violence issues." According to Bryant, she is "trained to assess, analyze, and collect evidence if indicated." Bryant also is a Registered Nurse and is a certified sexual assault nurse examiner, adult and pediatric.

complainant in a Physical Assault Examination Forensic Report. The complainant told Bryant that the appellant had inflicted her injuries by striking her with a hammer. The complainant described the assault as follows:

> Pt states "My husband came home this morning telling me that he had his wallet and phone stolen at the club. He was angry and when he is angry he takes it out on me. He jerked my phone away and put his hand on my face and pushed me back and started punching me. I was scared and called the police but he gave my phone back and told them nevermind. Then he saw that I called the cops and he got mad. My mom lives with us and she got me and the kids and we went to her room. He busted in the door and he had a hammer and he started hitting me in the head, my arm, and back. I tried to guard myself but I thought he would kill me. I called the police and they came. He hit me like 10 times."

The complainant had 23 wounds, which were charted and photographed by Bryant.

Medical records note that upon discharge from the hospital, "Pt states she feels safe returning to her home tonight since spouse is in police custody." Similarly, notes reflect "d/c patient home. patient mother at home and she feels safe at home. patient reports her attacker, her husband, was taken to jail tonight."

Appellant was charged with aggravated assault upon a family member. Because appellant had prior convictions for another family–assault offense, appellant faced a felony conviction and enhanced punishment. Appellant pleaded "not guilty." The complainant did not testify at appellant's trial. A jury found appellant guilty, and the trial court assessed punishment at 37 years' confinement.

## ANALYSIS

In his brief, appellant contends that the trial court erred in admitting, over objection, medical records that contained inadmissible hearsay statements made by

the complainant who did not testify.[3] The State responds that statements made for the purpose of medical diagnosis or treatment are not excluded by the hearsay rule. Additionally, the State contends that any error in the admission of the challenged statement is harmless.

## I.     Standard of Review

We review a trial court's decision to admit evidence under an abuse-of-discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court does not abuse its discretion unless its ruling lies outside the zone of reasonable disagreement. *Id.*

## II.     Admission of Challenged Statements

Assuming, without deciding, that the trial court did err in admitting the challenged evidence over appellant's hearsay objection,[4] "[t]he admission of inadmissible hearsay constitutes non-constitutional error subject to the harm analysis rule under Texas Rule of Appellate Procedure 44.2(b), which requires the reviewing court to disregard non–constitutional error that does not affect a criminal defendant's substantial rights." *Rivera-Reyes*, 252 S.W.3d 781, 786–87 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing Tex. R. App. P. 44.2(b); *Johnson*

---

[3] Although in his appellate brief appellant presents a single issue alleging the trial court erroneously admitted hearsay statements, appellant also complains that the admission of the challenged evidence violated his constitutional right to confrontation. Appellant did not preserve his constitutional complaint for appellate review. A hearsay objection raised by defense counsel does not preserve error on Confrontation Clause grounds. *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005); *Thacker v. State*, 999 S.W.2d 56, 60-61 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

[4] Here, the challenged evidence is an EMS a Patient Care Report prepared by Angleton—*i.e.*, State's exhibit 5—that documented the complainant's injuries at the scene. The report included a statement by the complainant to Angleton that her boyfriend assaulted her with a hammer. Defense counsel objected to the admissibility of the identifying statement in the report, arguing "[t]hat is not required for medical treatment as to who inflicted the injury." The trial court overruled the objection.

*v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001)). Error affects a substantial right when it has a substantial and injurious effect or influence in determining the jury's verdict. *Johnson*, 43 S.W.3d at 4. Such error is harmless if the reviewing court, after examining the record as a whole, is reasonably assured the error did not influence the jury verdict or had but slight effect. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

An error in the admission of evidence is cured when the same evidence comes in elsewhere without objection. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (concluding that any error in admitting hearsay evidence was harmless in light of other properly admitted evidence proving the same fact); *Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Crim. App. 1986).

*Prior* to the admission of Angleton's Patient Care Report, the State elicited testimony, without objection, that the complainant had identified appellant as her assailant. Officer Wallace testified that the complainant said, "he hit me, he hit me with a hammer, he hit me, he hit me," as appellant was being detained. Although the complainant did not state appellant's name, she also did not indicate that she was referring to someone other than appellant. Additionally, Officer Wallace testified, without objection, that the complainant's mother said that appellant had assaulted the complainant with a hammer.

*After* the admission of the Patient Care Report, the State elicited additional testimony and records into evidence, without objection, that the complainant had identified appellant as the person who assaulted her. Indeed, Angleton testified, without objection, that the complainant reported that her boyfriend struck her in the back of the head with a hammer. The State also offered hospital medical records—State's exhibit 9—that included notations that she was assaulted by her husband with a hammer and that he had been taken into police custody. Moreover, Bryant

6

testified, without objection,[5] that the complainant stated her wounds had been caused by her husband striking her with a hammer. Finally, the complainant's full statement implicating appellant in the assault also was reflected in Bryant's Physical Assault Forensic Examination Report—*i.e.*, State's exhibit 10—a medical record which was admitted without objection.

Hence, any error in the admission of the complained of evidence is harmless and does not constitute reversible error when substantially the same evidence was introduced at trial through other witnesses. *See Brooks*, 990 S.W.2d at 287; *Anderson*, 717 S.W.2d at 627. Consequently, we cannot conclude from the record as a whole that the error, if any, had a substantial and injurious effect or influence in determining the jury's verdict.

## CONCLUSION

We overrule appellant's issue and affirm the trial court's judgment.

/s/    Ken Wise
Justice

Panel consists of Chief Justice Frost, Justice Boyce, and Justice Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[5] Because appellant's attorney did not object to either Bryant's testimony or admission of State exhibits 9 and 10, appellant's hearsay complaint as to these matters was not preserved for appellate review. *See Saldivar v. State*, 980 S.W.2d 475, 494 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).