

# NUMBER 13-18-00611-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JORGE LOREDO,                                               Appellant,

v.

THE STATE OF TEXAS,                                         Appellee.

### On appeal from the 24th District Court
### of Jackson County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Perkes**
**Memorandum Opinion by Justice Hinojosa**

Following a bench trial, the trial court found appellant Jorge Loredo guilty of evading detention with a motor vehicle, a third-degree felony.  *See* Tex. Penal Code Ann. § 38.04.  Loredo appeals the judgment of conviction on a single issue.  He contends the State failed to provide legally sufficient evidence that he was the driver.  We affirm.

## I.  BACKGROUND

The following facts are based on the testimony of witnesses Matthew Cornett, a Texas Department of Public Safety State Trooper, and Frank Maier, a City of Ganado Police Officer, and the other evidence presented during the bench trial.

On December 3, 2015, Trooper Cornett, was in his marked police car on US 59 in Jackson County before midnight.   He saw a white Ford Expedition move on and off of the shoulder, and after checking the registration, he discovered that the registration was expired.   Trooper Cornett began to pursue the white Expedition to initiate a traffic stop. After crossing a bridge, Trooper Cornett turned on his overhead emergency lights.   The driver of the Expedition did not immediately pull over.

Trooper Cornett then proceeded to sound his siren, but the driver did not respond. While the siren was active, the vehicles passed Officer Maier, who then joined Trooper Cornett in the pursuit.   Eventually, the driver of the Expedition pulled over.   According to Trooper Cornett, the pursuit lasted several minutes.

Within seconds of pulling over, the three occupants of the Expedition, which included Loredo, vacated the vehicle.   Loredo exited the vehicle from the front driver's side door.   Trooper Cornett then arrested Loredo for evading arrest or detention with a vehicle.

At trial, both Trooper Cornett and Officer Maier identified Loredo as the man who exited from of the driver's side of the car.   A dash cam video recording of the traffic stop

2

from Trooper Cornett's vehicle was also admitted into evidence and played for the court.[1] On the video, Loredo can be heard telling Officer Maier, "I thought at first, well, I was driving very slow. I didn't think you were going to stop me. It was—they were coming behind me. Or you were coming behind me. And then when I noticed I stopped."

The trial court found Loredo guilty and sentenced him to six years' imprisonment in the Texas Department of Criminal Justice—Institutional Division. This appeal followed.

## II.   DISCUSSION

Loredo's sole issue asserts that the evidence is legally insufficient to establish that he was the driver of the vehicle as charged in the indictment. Specifically, Loredo argues that to establish the offense of evading arrest with a motor vehicle, the State was required to prove that he was the individual driving the motor vehicle while in flight from the officer.

### A.   Standard of Review and Applicable Law

When reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether a rational factfinder could have found the elements of the offense beyond a reasonable doubt. *See Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19, (1979)). In conducting our review, we consider all evidence in the record, whether it was admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). We also consider direct and circumstantial evidence, as well as any reasonable

---

[1] A Spanish language interpreter translated Loredo's statements on the recording.

inferences that may be drawn from the evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Circumstantial evidence is direct proof of a secondary fact that, through logical inference, demonstrates an ultimate fact to be proven. *Jackson v. State*, 530 S.W.3d 738, 741 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Rivera–Reyes v. State*, 252 S.W.3d 781, 787 n.3 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). Circumstantial evidence is as probative as direct evidence in establishing the guilt of the alleged actor, and circumstantial evidence alone can be sufficient to prove guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The same standard of review is used for both circumstantial and direct evidence. *Id.* Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Id.*

Under this review, we do not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the trial judge, when sitting as the sole trier of fact, is the exclusive judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *See Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 2000) (citing *Mattias v. State*, 731 S.W.3d 936, 940 (Tex. Crim. App. 1987)).

**B.   Analysis**

The State must prove each element of the offense beyond a reasonable doubt

including that the accused is the person who committed the charged offense. *See Leal v. State*, 303 S.W.3d 292, 297 (Tex. Crim. App. 2009); *Kromah v. State*, 283 S.W.3d. 47, 50 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). A person commits the offense of evading arrest or detention with a motor vehicle if, while using the vehicle, he intentionally flees from a person he knows to be a peace officer attempting to lawfully arrest or detain him. *See* TEX. PENAL CODE ANN. § 38.04; *Jackson*, 530 at 742. Loredo only contests that he was the driver of the vehicle.

Loredo contends that neither Trooper Cornett nor Officer Maier saw him driving the car during the chase; therefore, the evidence is insufficient. However, the evidence, when viewed in a light most favorable to the verdict, establishes that Loredo was the driver of the vehicle. *See Gear*, 340 S.W.3d at 746.

First, both Trooper Cornett and Officer Maier testified that they saw Loredo exit the vehicle from the front driver's side door within seconds of pulling the vehicle over. Second, Loredo made several self-incriminating statements, that were recorded on video, including that "[he] was driving very slow" and that "when [he] noticed [that the officer was pulling him over] he stopped." *See Fabela v. State*, 431 S.W.3d 190, 194 (Tex. App.—Amarillo 2014, pet. dism'd) (finding appellant's statements that he was driving the car as sufficient evidence that he was the driver who evaded arrest).

We conclude that a rational trier of fact could find beyond a reasonable doubt that Loredo was the driver of the vehicle. *See Gear*, 340 S.W.3d at 746. Accordingly, we overrule Loredo's sole issue.

5

### III. CONCLUSION

Having overruled Loredo's sole issue on appeal, we affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of June, 2019.